Mosby & Kyle *vs.* R. H. Wall et al., Executors of Malachi Peques, deceased.

A bill will lie to correct a mistake in a written contract, and enforce a specific performance of the contract as corrected.

To authorize a court of equity, to reform a written agreement on the ground of mistake, the evidence of the alleged mistake should be free from doubt; but when it is of that character, no reason exists why the court should not act upon it.

Where a suit is brought at law, upon a note, and the defendant obtains a verdict in his favor, on account of a mistake in a title-bond for the land, for the purchase-money of which the note sued on was executed, he cannot afterwards set up that judgment as a defence to a bill filed for the purpose of reforming the title-bond, and specifically enforcing the contract as corrected.

Judgments are conclusive between the parties, only in cases of suits in which the merits might have been investigated.

M. purchased a tract of land from P., and executed the notes of M. & K. for the purchase-money, and received a title-bond from P., in which the land, by mistake, was misdescribed. Upon a bill filed against M. & K. to correct the mistake and enforce the contract as corrected, a *pro confesso* was taken against M., and K answered, denying that he ever made any contract with P. for the purchase of land, and averring that he had never claimed the land in question; *held*, that it was proper, in such a case, to make a decree for specific performance.

A decree for the specific performance of a contract for the purchase of land, is like a decree for the foreclosure of a mortgage, and imposes no personal liability upon the defendant. A court of chancery, in such a case, can render no decree against the person having jurisdiction over the mortgage only.

In error from the northern district chancery court at Holly Springs; Hon. Henry Dickinson, vice-chancellor.

The facts of the case are sufficiently stated in the opinion of the court.

*Wm. F. Stearns*, for plaintiff in error,
Cited 1 Ves. 317; 6 Ib. 333; *Gillespie & wife* v. *Moore*, Johns. Ch. R. 585; 1 Phil. Ev. 576; 7 S. & M. 346.

*Watson, Craft*, and *Clapp*, for defendant in error,
Cited 6 Wheat. 453–468; 9 Cranch, 160; 1 Hen. & M. 537; 5 Mum. 183, 184; 1 Phil. Ev. 115; 3 Verm. R. 272; 10 Yerg. 115; 9 Ves. 275; 2 Johns. Ch. R. 94; 1 Wash. 225; 1 Mum. 373–395; 2 Johns. Ch. R. 62–89; 1 Story's Eq. Jur. 164, 165; 3 S. & M. 67; 7 Ib. 346; 3 Ib. 712; 2 Johns. Ch. R. 593.

Mr. Justice CALYTON delivered the opinion of the court.

This is a case between the same parties, and in regard to the same contract with that of *Peques* v. *Mosby & Kyle*, 7 S. & M. 346. That was a suit at law, and the plaintiff failed therein, because the remedy was in equity. This is a bill filed to have the mistake made in drawing the title-bond corrected, and to obtain a decree for the sale of the premises, to satisfy the balance due upon the notes given for the purchase-money. The court below made a decree in conformity with the prayer of the bill. From this decree the defendants appealed. The defence is made principally by Kyle, who contends that the decree is erroneous; first, because the evidence of the mistake is sufficient; secondly, because the judgment at law is conclusive of the case; and lastly, because he was no party to the contract, which he alleges was made by his co-defendant Mosby, in their joint names, without his knowledge or consent, and without any subsequent ratification by him.

We think the evidence of the mistake is too clear to admit of any doubt, and that the court did right in ordering it to be corrected. It is unquestionably true, that in such cases the evidence should be free from doubt, but when it is of that character, no reason exists why the court should not act upon

it. Mosby suffered the bill to be taken for confessed against him. Kyle does not deny it; in his answer he says, that he was in Texas when the bond was executed; that if any error was committed, he knows nothing of it; that he was no party to it; and never consented to be bound by it. They both, however, entered into possession of the land as described in the bill, and occupied it without disturbance or adverse claim; and they did not take possession of the land described in the title-bond. Kyle in his answer also states that he never has claimed the land, and does not now claim it.

These circumstances, coupled with the proof in the cause, satisfy the mind that the land which they thus occupied was *the land purchased*, and not that described in the title-bond, there being a mistake in the latter as to the township in which it was situated.

Next, as to the conclusiveness of the judgment at law. The record in that case, which by agreement is made part of the record in this, and the decision in the case, show that the first suit was not competent to the investigation of the merits. Only judgments of that kind, in which the merits might have been tried, are conclusive. *Agnew* v. *M'Elroy*, 10 S. & M. 555. When this case was first in this court, it was expressly stated, that the remedy was in equity, and we see no reason to change that opinion. It is not necessary to pass upon the personal liability of Kyle under the contract in this case. The decree is not against him personally, but against the land, directing it to be sold for the satisfaction of the debt. It is like a decree for the foreclosure of a mortgage. The mortgage is the only matter on which chancery has jurisdiction, and it can render no decree against the person. *Stark* v. *Mercer*, 3 How. 382. Exactly the same rule applies here. Indeed, the decree is for a sale of the land, to pay the balance now due. Kyle sets up no claim to the land, and he can urge nothing against its sale, because he disclaims all connection with it.

If suit should ever be brought against him again, upon the notes, given by Mosby in their joint names for the purchase; then the question of his personal liability will arise.

The decree, directing the mistake to be corrected, and ordering a sale of the land, to pay the balance of the purchase-money is affirmed, and the cause remanded, that the decree may be carried into effect.

Decree affirmed.