## EDWARD NORTON *v.* BERRY COLEY.

1. CHANCERY — REFORMATION OF WRITTEN INSTRUMENT.— If by fraud, accident or mistake, a written instrument does not express the terms of the contract between the parties, equity will remodel it, so as to evidence the actual contract.

2. SAME —ISSUE REFERRED TO A JURY — THE PARTY DISSATISFIED WITH THE VERDICT MUST URGE HIS OBJECTION IN THE CHANCERY COURT, AND WILL NOT BE HEARD HERE. — Where an issue of fact is referred by the chancery court to a jury, at the instance of a party, and he takes no steps to get rid of the verdict against him in the chancery court, the issue will not be re-opened here.

3. SAME — CHARACTER OF EVIDENCE REQUIRED TO REFORM WRITTEN INSTRUMENT. — Where a written instrument is sought to be corrected because of alleged variance from the terms agreed on between the parties, the evidence of such variance should be clear and satisfactory.

4. SAME — SAME — VERDICT OF A JURY IN SUCH CASE. — The verdict of a jury, upon issue joined between the parties, finding that the writing does not truly express the contract made between them, is sufficient evidence to warrant relief.

5. SUPREME COURT — FORMAL EXCEPTIONS TO THE PROCEEDINGS IN THE COURT BELOW. — This court is not disposed, after the parties have had a full hearing on the merits in the court below, to lend a willing ear to formal exceptions, grounded on the order of the proceedings and state of the pleadings.

6. CHANCERY COURT — PRACTICE — DEMURRER UNDISPOSED OF — HOW WAIVED — CASE IN HAND. — After answer filed, the complainant by leave exhibited his amended bill for the sole purpose of making a new party defendant, in no manner varying the attitude of the case between the original parties, and the defendant got leave to withdraw his answer, and he filed a demurrer to the bill, of which no disposition was made. The case was "set down for hearing on bill, answer, amended bill and answer, proofs and exhibits;" and while in this attitude the defendant applied for a jury to try the "issue." The issue was raised by his answer to the original bill: *Held*, that the demurrer was raised by the defendant, and the fact that no disposition of it was made by the court, is not ground for reversal of the decree which disposed of the real defense.

ERROR to the chancery court of Tippah county. REYNOLDS, Chancellor.

The facts appear in the opinion of the court.

*Frank Johnston*, for appellant.

1. It was error to set the case for final hearing, without having taken a *pro confesso* decree against Norton. 41 Miss. 517.

2. The evidence is not sufficient, under the rule applicable in the case, to support the final decree.

In this class of cases, which constitute an equitable exception, engrafted on the statute of frauds, the rule is, "if the proofs are doubtful and unsatisfactory, and the mistake is not entirely plain, equity will withhold relief." 1 Story's Eq., §§ 152, 161, and cases cited; ib., p. 179, note 1; p. 157; 1 Bro. Ch. 347; 2 How. (Miss.) 718; 7 Smedes & Marsh. 629; 23 Miss. 81; 9 Wheat. 581; 40 Miss. 83.

The evidence is any thing but clear and satisfactory, and preponderates against the bill.

3. In this class of cases, equity requires a party to make a prompt election as to whether he will accept the contract as made. This complainant sat quietly by for *five years*, and assigns now no cause for this delay.

4. The verdict on the referred issue is contrary to the evidence and law.

*Geo. L. Potter*, for appellee.

1. The answer of Norton to the original bill was a full answer to the amended bill. It was only necessary for him to mark it "refiled." As he disregarded his demurrer, allowed the cause to be set down for hearing on "bill, answer, amended bill and answer," and proofs, and himself demanded a jury, to whom was referred the issue contained in these pleadings, and made no effort to get rid of the finding of the jury against him, his answer must be now regarded as having been refiled to the amended bill. But, if there was no answer, Norton cannot complain that a *pro confesso* was not taken against him, and that he was allowed the full benefit of a defense as if he had answered. The error, if error there be, was not to his prejudice, but to his advantage. 40 Miss. 63.

2. The equity of the bill is clear. The very case presented by it, fraud in the vendor in misdescribing, in the deed, the land contracted for by parol, was decided in Howell v. Gibson, 30 Miss. 466.

SIMRALL, J. :

This controversy may be summed up in this, whether from fraud or accident the vendor, Norton, conveyed a tract of land to the vendee or his appointee, different from that for which he bargained and paid the consideration price, or whether the land for which the agreement of purchase was made was the sixteen acres claimed in the bill. The bill goes on the predicate, that the land which the vendor Coley contracted for was not the parcel described in the deed to his daughter-in-law, but the parcel claimed in his bill, and further, that the conveyance ought to have been made to himself, and not to his daughter-in-law, and that he was ignorant, unable to read or write, and therefore the imposition was practiced upon him. The equity jurisdiction to reform and remodel a written contract, so as to conform to the parol or verbal agreement of the parties cannot, at this day, be controverted. If by fraud, accident or mistake, the writing speak a language, or contain stipulations variant from that to which the parties assented, equity will remodel the writing so as to make it agree with the actual contract. It is the consent of the contracting parties to the same proposition that makes the agreement. Generally, the negotiations which consummate in a bargain are conducted verbally, and after the terms are settled, put into writing. If through mistake of the scrivener, or the fraud of one of the parties, the writing does not embody the contract to which the parties verbally assented, jurisprudence would be impotent, and inadequate to the ends of justice, if it could not provide a remedy.

The authorities referred to by counsel require that the proof of the mistake or variance should be clear and satisfactory. There can be no difficulty on that point in this case, for, on the application of the defendant Norton, it was referred to a jury to pass upon the issue of fact which was framed, thus : "Whether or not the land named and described in the bill was the land which the complainant purchased of the said Edward Norton." To this issue the

jury responded, "that the lands claimed in the bill were the lands which the complainant purchased." No motion was made for a rehearing on the issue, or to set the verdict aside. Since the defendant elected to refer the controversy of fact to the jury, and took no steps in the chancery court to get rid of their finding, we are not inclined to re-open that issue in this court. We may say, however, that the preponderance of the testimony is in favor of the verdict.

Nor are we disposed, after the parties have had a full hearing on the merits, to lend a willing ear to formal exceptions, grounded on the order of the proceedings and state of the pleadings. After the defendant had fully answered the original bill, an amended bill was filed making Rebecca Coley a defendant. This was necessary, inasmuch as Norton had made the conveyance to her. The only additional matter put into the amended bill was, that the deed was made to her when it ought to have been made to the complainant. At the same time leave was granted the defendant to withdraw his answer. The record does not state that the answer was withdrawn, but the defendant put in a demurrer, 12th March, 1870, of which no disposition was made. The amended bill was filed 5th September, 1870, and on the 12th of same month Mrs. Coley answered, disclaiming all interest in the land, denying any agreement by which the title was to be conveyed to her, also ignorance of the contents of the deed. The case was set down for hearing on bill, answer, amended bill and answer, proofs and exhibits, and while in that attitude Norton applied for a jury to try the "issue." The issue, as its terms indicate, was such as was raised by his answer to the original bill. In such circumstances, when he treated his answer as still pending, and as presenting an issue of fact to be decided, it is but fair to treat his demurrer as waived. The amended bill did not require an answer from Norton, his defense was fully disclosed in his answer to the original bill, in which he states that it was a matter of indifference

to him whether the deed were made to the complainant or to Mrs. Rebecca Coley. The position of fact which he took, and that upon which the defense hung was, that he sold to the complainant the land described in the deed, and that it mattered not to him whether the title was conveyed to Mrs. Coley or the complainant. He had the full benefit of that defense. These views accord with those expressed in Meziex v. McGraw, 44 Miss.

The decree is affirmed.