FRANCISKA LEHNER, Appellee, v. C. C. LOOMIS *et al.*, Appellants.

**Judicial Sale:** INADEQUACY OF CONSIDERATION: FRAUD: REDEMPTION. Where in an action against the occupants of a building, and one holding a legal title to the real estate, to abate the keeping of a saloon

nuisance, judgment was rendered against the defendants for costs, including an attorney's fee, to the amount of thirty-one and fifty-hundredths dollars, and under a general execution issued thereon real estate of the value of ten thousand dollars was sold for the amount of said judgment to the attorney for the plaintiff, who thereafter assigned the certificate of sale to the sheriff executing said writ, to whom a deed afterwards issued, and it appeared that no lien was established by said decree against the land, *held*, in view of the inadequacy of the consideration, that one who took a conveyance of the property pending the injunction proceeding, and who was not a party to such proceeding, nor had actual notice thereof, and commenced an action to set aside said sale and deed within a few days after said sale was made, was properly allowed to redeem said property upon the payment of the judgment and costs down to the time execution issued.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAUGH, JR., Judge.

WEDNESDAY, OCTOBER 14, 1891.

THIS is an action in equity for a decree setting aside a sheriff's sale and deed of certain real estate. There was a hearing on the merits, and a decree for the plaintiff. The defendants appeal.—*Affirmed.*

*C. C. & C. L. Nourse,* for appellants.

*Cole, McVey & Clark,* for appellee.

ROTHROCK, J.—I.   The property in controversy in the action is part of a lot, with a building thereon, situated on Walnut street, in the city of Des Moines. It appears in evidence that on the twenty-second day of March, 1886, the title to said real estate was in Joseph Lehner, the husband of the plaintiff, and that on that day an action in equity was commenced against certain occupants of the said building, charging them with keeping a saloon nuisance therein, and asking that the said nuisance be enjoined and abated.   Joseph Lehner was made a party defendant.   The record does not show what relief was asked against Lehner further than

appears from the appearance docket of the district court. It is stated therein that the action was against the tenants (naming them) and against "Joseph Lehner and building number 213, West Walnut Street, city of Des Moines." It further appears that Joseph Lehner filed a separate answer in the case on the fourteenth day of December, 1886. It does not appear what defense was interposed by this answer. The decree entered in the case ignored the answer of Lehner, and held him and his codefendants to be in default for want of an appearance to the action, and found that the tenant was keeping and maintaining a nuisance in the said building; that Lehner was the owner of the building, and had full knowledge and gave his consent to the use of said building for the maintaining of said nuisance; and enjoined such further use of the building. It was further decreed that the defendants should pay the cost of the action, including an attorney's fee of twenty-five dollars, and directed that "an execution will issue against said defendants and as against said building for the collection thereof." No special execution was issued upon the decree, but on the seventh day of November, 1887, a general execution was issued, and a levy was made on the part of the lot now in controversy; and on the seventeenth day of January, 1888, the lot and building were sold by the sheriff to A. A. Haskins, Esq., an attorney for the plaintiff, who is one of the defendants to this action, for thirty-one dollars and fifty cents, and a certificate of sale was issued to him, which he afterwards assigned to the defendant, J. C. Painter, who was sheriff when the sale was made. At the expiration of one year from the sale the sheriff then in office made and delivered a sheriff's deed to said Painter. After the action for an injunction was commenced, and while it was pending, and on the eighteenth day of June, 1886, the said Joseph Lehner conveyed the property to the plaintiff herein.

There is much in the case in the way of evidence and argument which is wholly immaterial, in that it neither establishes nor disproves any right of the parties, and which we need not discuss at length. We refer now to certain claims of the plaintiff that she was the real owner of the property, and that she had title at one time, and conveyed it to her husband for no consideration, and for the purpose of giving him credit, and enabling him to do business. But the fact remains that, after the alleged voluntary conveyance was made, and while the husband held the title, the action for an injunction was commenced. It is true, the plaintiff was not made a party defendant in that action, but she took the conveyance pending the action, and is charged with notice of what was claimed against the property. There is evidence to the effect that Littleton, the plaintiff in the suit, agreed with Joseph Lehner that the injunction suit should be dismissed. It is scarcely necessary to say that such evidence is entirely immaterial in an action to set aside the sheriff's sale and deed. Other immaterial matters need not be mentioned.

We will now proceed to an examination of such questions as appear to us to be material. *First.* The property in controversy is shown by the evidence to be worth ten thousand dollars. It was leased for a rental of one thousand dollars a year. It was sold by the sheriff for thirty-one dollars and fifty cents. *Second.* So far as can be ascertained from the evidence, there was no lien claimed in the injunction case against the land. The decree was against the building alone. *Third.* When the plaintiff took the property by the conveyance to her pending the injunction suit she was not charged with notice that any suit was pending affecting the title to the land, for the reason that no such claim was made. *Fourth.* The plaintiff is not shown to have any notice of the pendency of the injunction suit. It

is shown that she had no knowledge of the decree until after it was entered. *Fifth.* She commenced this action a few days after the sheriff's sale in question was made. It has been said, and we think it is the general rule, that inadequacy of consideration alone is not sufficient to vacate a sheriff's sale and deed. This rule is especially applicable where, as in this state, an execution creditor has a right of redemption of one year after a sale, and no complaint is made until after the execution of a deed. *Wallace v. Berger,* 25 Iowa, 456; *Sigerson v. Sigerson,* 71 Iowa, 476; *Peterson v. Little,* 74 Iowa, 223. In the case at bar the decree canceled and set aside the sheriff's deed upon the payment by the plaintiff into court of the sum of forty-seven dollars and forty cents, which was equal to the attorney's fee and costs down to the time the execution was issued. There are many considerations upon which we think the decree should be approved. Among them are the following: There was no lien established against the land. The plaintiff was not a party to the suit, and had no knowledge of it until after decree. This action was commenced very soon after the sale. There are no rights of third persons involved. The defendant Painter, assignee of Haskins, was the officer who made the sale. Exact justice is done by the decree. The officer who made the sale and the attorney receive all that was justly due them. When these and the other facts above mentioned are taken in connection with the gross inadequacy of consideration, it would shock the conscience for any court to transfer ten thousand dollars worth of property for a consideration of thirty-one dollars and fifty cents. Less than a half month's rent of the property would have paid the whole claim. The inadequacy appears to us to be so great as to strike the conscience strongly with the injustice of the transaction. In such cases it has always been held that, where there are other cir-

cumstances of an excusatory character on the part of the plaintiff, the gross inadequacy of consideration will establish the fraudulent character of the transaction.   10 American & Eng'ish Encyclopedia of Law, 330, and cases cited.   And see, also, Kerr on Fraud & Mistake, 186, 187, and Story on Equity Jurisprudence, secs. 244, 245.

The decree of the district court is AFFIRMED.