A. L. SHEPPARD, Appellant, v. GEORGE H. MESSENGER *et al.*

**Subrogation:** BUYER ON EXECUTION: *Equitable interests*    A holder of a legal title in trust offered conveyance to the holder of the equitable title upon payment to him of a debt due him from such owner.    This offer she declined.    A mechanic's lien upon the property was foreclosed against her and ultimately ripened into a sheriff's deed for non-payment of costs in a sum greatly dispro-tionate to the value of the property.    *Held,* the holder of a sheriff's deed had the right to be subrogated to all the rights of the debtor in said equitable estate upon paying the holder of the legal title in trust the debt due him from her for whom the title was held in trust, and this, though the holder of the legal title was not made a party to the foreclosure.

GIVEN, J., dissenting.

REDEMPTION.    Where property to which a party held the legal title as security for a debt, was sold under a judgment foreclosing a mechanic's lien against the holder of the equitable title, the one who held it as security is not entitled to redeem from the sale.

**Mechanic's Lien:** EQUITABLE INTERESTS: *Foreclosure.*    A mechanic's lien may attach to an equitable interest in real property, and when foreclosed the decree is a lien thereon.

SAME.    A judgment creditor may sell the equitable interest of the judgment debtor in land before it has been judicially ascertained.

SAME.    Mere inadequacy of the price does not vitiate an execution sale.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

THURSDAY, DECEMBER 15, 1898.

ACTION in equity to redeem real property held in trust for the payment of a debt, to procure the conveyance to the plaintiff of the legal title to the property, and to quiet the title in her.    There was a hearing on the merits, and a decree in favor of the defendant.    The plaintiff appeals.—*Reversed.*

*H. I. Sawyer* and *H. Scott Howell & Son* for appellant.

*Anderson & Waggoner* for appellees.

ROBINSON, J.—In April, 1890, Mrs. Louisa Grimsley purchased of Eliza Malcolm the front fifty feet of three lots in the city of Keokuk, which are duly described, for one thousand six hundred and fifty dollars. Of that sum Mrs. Grimsley paid six hundred and fifty dollars, and received a contract for the conveyance of the property, which she caused to be made on her part in the name of her brother, George W. Messenger. She afterwards erected a house on the property, and upon the full payment of the purchase price a deed for the property was executed to her brother, in February, 1892. He died testate, and his will, which was duly probated, recited that he held the legal title to a house and lot in the town of Bonaparte, in Van Buren county, and a title to another house and lot in the city of Keokuk, and a certificate for five shares of stock in the Farmers' & Traders' Bank in Bonaparte, in trust for his sister, Louisa Grimsley, subject to an indebtedness to him from her of four hundred dollars, and directing the transfer to her, her heirs and assigns, of the property described, on the payment of the sum specified to his estate. The report of the executrix of the decedent, who is also a defendant in this action, shows that she had offered to transfer the certificate of stock and to convey the real property to Mrs. Grimsley upon the payment by her of the four hundred dollars, but that the latter had declined the offer, and had not paid the money. Thereupon the executrix was ordered to transfer the certificate of stock and convey the real property to the defendant George H. Messenger, who is the residuary legatee or devisee of the will, to be held by him subject to any interest which Mrs. Grimsley had therein; and that was done. In December, 1893, Evans & Sheppard obtained in the district court of Lee county a decree against Mrs. Grimsley for forty-three dollars and costs of suit taxed at fifteen dollars, and foreclosing a mechanic's lien therefor on the Keokuk property in question. In April, 1894, a special execution for the sale of the property was issued, and it was advertised for sale. On the tenth day of May, 1894, Mrs.

Grimsley paid to the clerk of the court forty-four dollars, leaving a balance of eighty-two cents and the costs due. Five day later the property was sold under the execution for thirty-one dollars and seventy-two cents, that being the amount required to satisfy the judgment and accrued costs. Redemption not having been made, a sheriff's deed to the property was issued in due time to the purchaser, W. C. Howell, and in October, 1895, he conveyed the property to the plaintiff. The purpose of this action is to quiet in the plaintiff the title of the property, and she offers to pay to George H. Messenger the sum of four hundred dollars if he is found entitled thereto, and in that case the plaintiff asks to be subrogated to all the rights he may have in the property held to secure the payment of that sum. It does not appear that either the decedent, the executrix of his estate, or George H. Messenger, was made a party to the foreclosure proceedings; and the real claim of the plaintiff is that she is entitled to pay the four hundred dollars for which George H. Messenger holds the certificate of stock and the house and lot in Bonaparte and the house and parts of lots in Keokuk, and, when payment is made, to be subrogated to his rights in that property; while the claim of Messenger is that he is entitled to satisfy and discharge the interest of the plaintiff in the property by paying her the amount for which the Keokuk property sold, with interest. The district court rendered a decree in harmony with Messenger's claim, and fixed the amount he was required to pay at thirty-six dollars and seventy-five cents. Mrs. Grimsley was also made a party defendant, but she filed an answer, in which she alleged that she had transferred her equity in the property to Mahala Smith. By the decree of the district court she was dismissed as a defendant.

I.    The will of the testator described the Keokuk property as "a certain house and lot on Blonde street," but the property in controversy is located on Seventh and Morgan streets, and it is said, for that reason, that nothing can be claimed for Mrs. Grimsley under the will. We need not

determine the effect of the error, if any, in the description contained in the will. No issue in regard to it is presented by the pleadings, and, if the will be not considered, the evidence remains sufficient to show that Mrs. Grimsley was the equitable owner of the property at the time Evans & Sheppard became entitled to a mechanic's lien, although the legal title was in her brother; and that the title of the defendant Messenger appears to be based upon the will and the order of court; hence, if the will is defective in the respect claimed, the defect might affect his title, but would not affect that of the plaintiff. It was held in *Clark v. Parker,* 58 Iowa, 509, that a mechanic's lien will attach to an equitable title to real property held by a contract for a deed, and that the lien will follow the title when transferred. Therefore, a lien upon the interest of Mrs. Grimsley was created in favor of Evans & Sheppard, and established by the decree of foreclosure. It is well settled that a judgment is a lien upon the equitable interest in real estate owned by the judgment debtor. *Rand v. Garner,* 75 Iowa, 312; *Harrison v. Kramer,* 3 Iowa, 543, 561. And a judgment creditor may cause an execution to be issued, and the interest of the judgment debtor to be sold, before that interest has been judicially ascertained. *Bridgman v. McKissick,* 15 Iowa, 260. The validity of the decree foreclosing the mechanic's lien, so far as it affected Mrs. Grimsley and her interest in the property in controversy, is not in any manner made doubtful by the evidence, and it must be regarded, for the purposes of this case, as in all respects regular, and valid as to her. The price for which the property sold, as compared with its real value, was little more than nominal, but no irregularity or defect in the sale is shown. So far as the facts appear, it was in all respects properly made. Mere inadequacy of price is not sufficient ground for attacking it. *Lehner v. Loomis,* 83 Iowa, 416, and cases therein cited. Not only were the notices required by law given, but a short time before the right to redeem from the sale expired the holder of the sheriff's cer-

tificate of sale told Mrs. Grimsley that he held the certificate, that her time for redeeming the property was about to expire, and that, if she had an interest in the property, she had better redeem at once. She answered that she had no interest in the property nor in the matter of redeeming it. The effect of the sale and sheriff's deed was to vest in the purchaser all the interest Mrs. Grimsley had in the property when the mechanic's lien attached. It is not true that the foreclosure proceedings were invalid because no one holding or representing the interest now claimed by George H. Messenger was made a party to them, and the cases of *Butterfield v. Wilton Academy,* 74 Iowa, 515 ; *Brown v. Brown,* 73 Iowa, 430, and *Jones v. Hartsock,* 42 Iowa, 147, cited by the appellees, do not sustain that theory. But in consequence of the omission the interest now held by Messenger was not in any manner affected by the foreclosure proceedings, and he is entitled to have it protected in this action. The fact that he holds the legal title to the property as security does not, however, entitle him to redeem from the sale made to the plaintiff's grantor, since that is not necessary to the protection of his interest. He cannot enforce against the plaintiff any right he could not have enforced against Mrs. Grimsley.

II. The plaintiff asks to be subrogated to the right of Messenger in all the property described in the will on the payment of the amount due him. The value of the property acquired by the plaintiff is not shown. As already stated, the parts of lots which she owns sold in the year 1890 for one thousand six hundred and fifty dollars. In addition to paying that amount, Mrs. Grimsley agreed to erect upon the property a house which would cost not less than two thousand dollars, and she did erect upon it a house, the value of which is not, however, shown. It is fair to presume that the property is now worth more than two thousand dollars. The doctrine and practice of subrogation are of equitable origin. and are governed by

equitable principles. If the plaintiff is required to pay the entire amount due to Messenger, she will, by that payment, have obtained title to the property she now claims by virtue of the sheriff's deed for but a small part of its value. Whether Mrs. Grimsley has any interest in other property described in the will does not appear, but, if it be assumed that she does own it, we do not know of any equitable consideration which would justify the subjection of that property to any part of the debt due to Messenger, for the purpose of relieving the property claimed by the plaintiff from liability for the payment of all of it.

It is suggested that there may be other claims against the Keokuk property, but the evidence fails to show that such is the case, and the burden is on the plaintiff to establish her right to the relief she demands.

It follows from what we have said that the property which the plaintiff claims through the sheriff's deed is subject to the payment of the four hundred dollars due to Messenger, with interest, and the cause will be remanded to the district court for the purpose of ascertaining the amount due to him, and to provide for the transfer of the legal title to the property to the plaintiff upon the payment of the amount found due.—REVERSED.

GIVEN, J. (dissenting). I do not concur in the conclusion of the majority. Each party seeks to redeem from the other, not under the statute, but by virtue of the equities in his favor. I think the equities are with the defendant George Messenger. He was not a party to the foreclosure proceeding, and nothing has occurred to cut off or abridge his rights; therefore he has a right to protect the trust title, unless there are superior equities in favor of the plaintiff. Plaintiff's title is based upon a purchase at execution sale for the consideration of thirty-one dollars and seventy-two cents of a property worth a very much greater sum. While this gross inadequacy of consideration may not vitiate the sale, it is certainly proper to be considered in determining the

equities of the case.  I fail to discover any equity in allow-
ing the plaintiff to take this valuable property for the meager
sum of thirty-one dollars and seventy-two cents.  True, if
defendant is allowed to redeem he takes it for much less than
its value, but I am in no doubt that the disclaimer of Louisa
Grimsley was in the interest of her nephew, the defendant,
and in the belief that thereby he would take whatever interest
she had in the property.  I am impressed with the belief that
the transfers by which plaintiff acquired title under the exe-
cution sale were not in good faith, but were made to place
the title in a third person, so as to strengthen the right to
redeem from the defendant.  If this is correct, plaintiff has
no greater equities than Evans & Sheppard would have; but,
whether so or not, I think the equities are with the defendant,
and that we should AFFIRM.