## The W. F. Miller Company *vs.* William Grussi et als.

Third Judicial District, Bridgeport, April Term, 1916.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

By the payment of one or more instalments of the purchase price of land, pursuant to a written agreement to buy it in that way, an inchoate or equitable interest is acquired, which is subject to attachment.

The mere breach of the agreement by the vendee does not *ipso facto* divest his interest, but only makes it possible for the vendor to exercise his right of forfeiture.

If the vendee's interest is attached before the exercise of such right by the vendor, the attaching creditor thereby acquires a right which cannot be defeated by the subsequent surrender of the premises to the vendor, nor by their sale by him to another. But a surrender of the premises by the vendee under a mutual agreement to abandon and cancel the contract, before any third person has acquired any right therein, terminates the interest of the vendee and makes a subsequent attachment thereof ineffectual.

Such surrender and abandonment is not a transfer of an interest in land within the meaning of the statute of frauds (§ 1089), and need not be evidenced by a writing.

The subsequent execution of a quitclaim deed by the vendee, and the placing of it on record to clear the paper title, do not impair the effect of the abandonment already completed.

Inchoate or equitable interests in land may be surrendered or lost by abandonment.

Section 834 of the General Statutes, which makes property sold upon condition and put by the vendor into the visible possession of the vendee, subject to attachment in a suit against the latter, has no application to real estate.

In an action to foreclose a judgment-lien upon land which was attached in the original suit as the property of the defendant, the plaintiff has the burden of proving that the defendant had an interest therein at the time of the attachment. Anything which shows that he then had no interest is admissible in defense under a general denial. This accords with the general rules of pleading and § 160 of the Rules under the Practice Act. Consequently the defendant may offer evidence that the judgment debtor had lost his interest in the land by surrender and abandonment before the attachment, without having specially pleaded that fact in his answer.

Argued April 12th—decided June 27th, 1916.

ACTION to foreclose an alleged judgment-lien upon real estate, brought to and tried by the City Court of Meriden, *Fay, J.;* facts found and judgment rendered for the defendants Fitzgerald and Budd, and appeal by the plaintiff. *No error.*

*Cornelius J. Danaher,* for the appellant (plaintiff).

*George A. Clark,* for the appellees (defendants Fitzgerald and Budd).

WHEELER, J. Fitzgerald, on August 11th, 1911, entered into a contract known as a bond for a deed, with the defendant Grussi, by which he agreed to sell Grussi certain premises, and to deliver to him on or before February 9th, 1921, a warranty deed of the same subject to a mortgage of $2,000, in consideration of the payment by Grussi of $1,150 on or before February 9th, 1921, payable $200 at the execution of the agreement, $50 on or before February 9th, 1912, and $50 on or before each February 9th and August 9th thereafter, and the balance on or before February 9th, 1921, and the assumption by Grussi of said mortgage with the interest thereon and taxes thereafter accruing. And Grussi, in consideration of the promises of Fitzgerald, agreed to these terms, and further agreed that in case he failed to make the several payments he should forfeit all claim to the premises and all moneys paid in pursuance of the agreement.

Grussi paid the $200, and four of the semi-annual payments, and some interest and taxes. He did not make such payments after August 9th, 1913. On April 28th, 1915, he was in default upon three semi-annual payments, the interest on the mortgage due May 1st, 1915, and the taxes due April 21st, 1915. Prior to April 28th, 1915, Grussi notified Fitzgerald that

he would abandon his contract and leave the premises, and Fitzgerald and Grussi thereupon mutually agreed orally to the abandonment and to the cancellation of the bond. In pursuance of the mutual agreement, Grussi left the premises and Fitzgerald took possession of the same and paid the taxes and interest due. On May 22d, 1915, Grussi executed a quitclaim deed of these premises to Fitzgerald, it being intended as a release of the bond for a deed; and on the same day Fitzgerald, by warranty deed, conveyed these premises to the defendant Budd for $3,200.

The plaintiff attached the interest of Grussi in these premises on May 13th, 1915, in an action to recover upon an account contracted by Grussi. The plaintiff took judgment and filed a judgment-lien against these premises on September 13th, 1915. A second judgment-lien was filed October 29th, 1915, and suit to foreclose this lien was commenced on October 30th, 1915.

The defendants, by their denial, put in issue the allegation of the complaint that Grussi had an interest in these premises by virtue of the agreement for a deed, and by specific allegation in their answer alleged that he had no interest in these premises, and none that could be taken by attachment, and that all right, title and interest in these premises on this date was in them.

Grussi acquired by his agreement and payments thereunder an equitable interest in the premises in question which was subject to attachment. *Reynolds* v. *Fleming,* 43 Minn. 513; *Sweeney* v. *Pratt,* 70 Conn. 274, 277, 39 Atl. 182. His equitable interest in the premises could not be lost, *ipso facto,* by the mere breach of his agreement. His failure to keep his contract rendered it possible under its terms for Fitzgerald to enforce its breach, but the forfeiture did not arise upon the breach and without action by Fitzgerald. *Chalker* v. *Chalker,* 1 Conn. 79. In this proposition of law the plaintiff is

clearly right. But we do not understand from the record that the trial court ruled otherwise. We also agree with the plaintiff, that had its attachment preceded the date of the abandonment of the property, its rights acquired under its attachment could not have been disposed of in this way. This proposition is inapplicable, for the record shows that the abandonment preceded the attachment by upward of two weeks. So, too, we agree that the defendant Budd, who bought the premises in question, stood in no better position than Fitzgerald, since he was charged with notice of the attachment of record by the plaintiff.

We are of the opinion that the trial court was mistaken in holding the remedy of General Statutes, § 834, applicable to real estate; its terms and its history make it clear that it applies exclusively to personal property; but this holding was only one of the several grounds for its judgment, and as we think the judgment correct, this error is harmless.

The plaintiff argues that the abandonment was a transfer of an interest in land, and being oral was within the statute of frauds (§ 1089). This is a mistake. The abandonment in this case was not a transfer of an interest in land. It was the giving up of the possession of land held under a contract upon the fulfillment of which the possessor might obtain title. He had until that time an inchoate interest, but no title. The surrender did not affect the title for Grussi had none, he merely surrendered the possession.

Eminent authority lays it down as the common law that a legal title perfected into a grant or vested by a deed may never be lost by abandonment. *Krueger* v. *Market*, 124 Minn. 393, 398, 145 N. W. 30; *Dikes* v. *Miller*, 24 Tex. 417, 424; *Philadelphia* v. *Riddle*, 25 Pa. St. 259, 263. The Vermont court supports this view except in cases of estoppel and prescription. *Trustees of*

*Caledonia County Grammar School* v. *Howard*, 84 Vt. 1, 10, 77 Atl. 877, 880. On the other hand, inchoate or equitable rights in land may be surrendered or lost by abandonment. For example, an agreement to surrender a lease, or to abandon it, or any acts which would be equivalent to such agreement, and an acceptance of the surrender or abandonment by agreement, or acts equivalent thereto, will amount to a surrender or abandonment in law. *Hanham* v. *Sherman*, 114 Mass. 19, 23; *Amory* v. *Kannoffsky*, 117 Mass. 351, 354; *Stobie* v. *Dills*, 62 Ill. 432; *Trustees of Caledonia County Grammar School* v. *Howard*, 84 Vt. 1, 10, 77 Atl. 877, 880; 1 Parsons on Contracts (9th Ed.) p. 509; *Gluckauf* v. *Reed*, 22 Cal. 468, 471.

The claim most emphasized by the plaintiff is that the defense of a surrender or abandonment was a special one which the defendants could not avail themselves of unless it were pleaded.

The burden of proving an interest arising from its attachment was upon the plaintiff. If Grussi had surrendered or abandoned his inchoate interest in these premises, the plaintiff took nothing by his attachment. The plaintiff's attachable interest depended upon Grussi's interest, and anything which showed that Grussi had no attachable interest at the date of the plaintiff's attachment was necessarily put in issue by a denial that Grussi had an interest in the premises. The instant Grussi surrendered or abandoned these premises, that instant he ceased to have any interest in the premises. He had then lost his possession. The issue is one of possession, and proof of the fact of abandonment disproves the possession, and hence may be shown under a general denial. In *Willson* v. *Cleaveland*, 30 Cal. 192, 200, this question arose, and the court said: "Nor did the court err in allowing the defendant to prove abandonment of the premises by the plaintiff,

because an abandonment was not pleaded. When the strict legal title is not involved, and the plaintiff relies upon a right to recover founded upon a naked possession, the defendant may defeat a recovery by proving that the premises were abandoned by the plaintiff before the alleged entry of the defendant, and were therefore at the time of the entry *publici juris*, and he may do this under a simple denial of the plaintiff's right to the possession. In such case the issue is: Was the plaintiff entitled to the possession at the date of the defendant's entry? and anything which shows that he was not is but matter in rebuttal, and competent evidence for the defendant under the general issue, upon the same principle that the defendant may defeat a recovery where the plaintiff relies upon strict title, and there is only the general issue by showing that the plaintiff has conveyed to him or a third party and the title is still outstanding." In the case of a forfeiture, the enforcement of the breach is necessary to work a loss of possession. So that it may well be that a defense of forfeiture must be pleaded, because not involved in the establishment of the plaintiff's case. *Morenhaut* v. *Wilson*, 52 Cal. 263, 268. The contrary was held in *Steel* v. *Gold Lead Gold & Silver Mining Co.*, 18 Nev. 80, 87, 1 Pac. 448. We also think that under § 160 of our rules of practice (Practice Book, 1908, p. 250) the defendants were not required to plead the abandonment. If the defendants were asserting the surrender or abandonment as the basis of their right or title, the burden of proof of this would be upon them, just as it would be upon a plaintiff depending upon a similar right or title. *Hammer* v. *Garfield Min. & Mill. Co.*, 130 U. S. 291, 9 Sup. Ct. 548. But they are not doing this. They are disproving the plaintiff's complaint by showing that Grussi had lost, not title to these premises, but the right to their possession and

the right by fulfilling his contract to subsequently obtain title.

The finding of the abandonment by Grussi on April 28th controls the judgment. The abandonment was complete on April 28th, and possession was delivered on that day. The quitclaim deed executed on May 22d, from Fitzgerald to Grussi, was merely an instrument to remove from the record the cloud upon the title arising from the recording of the bond for a deed; it in no way affected the surrender of the premises. That was already an accomplished fact.

There is no error.

In this opinion the other judges concurred.