J. Edgar STEVENS, Appellant,

v.

ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

No. 16030.

United States Court of Appeals Fifth Circuit.

June 27, 1956.

P. Z. Jones, Ross R. Barnett, Malcolm B. Montgomery, Jackson, Miss., F. D. Hewitt, McComb, Miss., Barnett, Jones & Montgomery, Jackson, Miss., of counsel, for appellant.

James L. Byrd, Sydney A. Smith, Jr., Jackson, Miss., and J. H. Wright, Vice President and General Counsel, John W. Freels, Gen. Sol., Chicago, Ill., Byrd, Wise & Smith, Jackson, Miss., of counsel, Sherwood W. Wise, Jackson, Miss., on the brief, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Filed in the Chancery Court of Pike County, Mississippi, and thence removed to the United States Court from which this appeal comes, the suit sought the reformation of a release agreement plaintiff had executed by striking therefrom this language:

"The basis for the judgment which is being compromised by this settlement was the total and permanent disability of the plaintiff, Edgar Stevens, and the said Stevens, by the acceptance of this settlement hereby severs any and all employee relationship with said company."

As pleaded by him, his claim was "complainant signed the release due to a mutual misunderstanding and mutual mistake on the part of himself and the defendant".

The defendant, denying that the clause in question was the result of a mutual misunderstanding or mutual mistake on the part of the defendant and the plaintiff and that plaintiff was entitled to have it stricken from the release, alleged that on the contrary, it was, and was understood to be, a prime consideration moving to the defendant for the settlement.

Tried to the court without a jury on the issues thus joined and upon evidence fully supporting, indeed requiring, his finding of fact, "that there was no mutual mistake between the parties in the making of the settlement and in the provision for the separation of Stevens from his employee relationship with the defendant", and his conclusions of law,[1] that plaintiff was not entitled to recover, the district judge entered judgment for defendant, dismissing plaintiff's suit on its merits.

Appealing from the judgment, plaintiff is here insisting that, notwithstanding, his failure to prove mutual mistake, as alleged by him, or any other equitable ground of relief, and the uncontradicted proof that the provision, of which he now complains, was inserted in the release as an essential consideration for the payment made plaintiff under and on account of it, the judgment should be reversed on the testimony of the plaintiff, that he did not read the release and did not know of the provision in it of which he now complains.

The defendant, on its part, points to the record showing that, though the same counsel who represented him in the orig-

1. "The burden of proof is upon a plaintiff seeking to reform an instrument on account of alleged mistake, and any alleged mistake must have been a mutual mistake and not the result of inattention on the part of the person seeking reformation.

"The court finds that as a matter of law the plaintiff has failed to sustain the allegations of his bill and that he is not entitled to the relief prayed for, or any relief under said bill."

inal law suit conducted with the counsel for the defendant the negotiations resulting in the settlement and release agreement and represented him in, and conducted the trial of, this suit, plaintiff offered no evidence supporting, or tending to support, his claim of mutual mistake. So pointing, he insists: that, under the principles of law controlling in Mississippi,[2] in the absence of fraud on the part of the defendant, which is not, indeed could not be, claimed here, a court of equity may not reform a written agreement on the ground of mistake except upon clear proof that there was a mistake and that it was mutual to both sides of the transaction; and that the judgment was right and must be affirmed.

These principles are not peculiar to Mississippi. Reformation is a remedy of purely equitable[3] cognizance, the right to which is accorded freely and not grudgingly, provided that, under the principles[4] governing its use, the facts support the claim.

Upon these principles, as applied to the undisputed facts, it is elementary, we think, that plaintiff may not, as he attempts to do here, upon proof not of a mutual but at best for him of a unilateral mistake, hold fast to the fruits of the settlement agreement which are to his liking, while freeing himself from that portion of the agreement which is not.

The judgment was right. It is affirmed.

2. Mosby v. Wall, 23 Miss. 81; Norton v. Coley, 45 Miss. 125; Watson v. Owen, 142 Miss. 676, 107 So. 865; Whitney Central Natl. Bank v. First National Bank, 158 Miss. 93, 130 So. 99; Wall v. Wall, 177 Miss. 743, 171 So. 675.

3. Day v. Firemen's Fund Ins. Co., 5 Cir., 67 F.2d 257; Providence Washington Ins. Co. v. Rabinowitz, 5 Cir., 227 F.2d 300.

4. Some of these principles, as they are set down in 45 American Jurisprudence, "Reformation of Instruments" are:

"The purpose of a suit for reformation is not to make a new agreement, but to establish and perpetuate the true existing one, to make the instrument express the true intent of the parties." Sec. 8, page 587.

"Mutual Mistake. It is elementary that courts of equity have jurisdiction to relieve parties against the consequences of mutual mistake of fact and to grant reformation in case of such a mistake. Indeed, when no question of fraud, bad faith, or inequitable conduct is involved and the right to reform an instrument is based solely on a mistake, it is necessary that the mistake be mutual, and that both parties understood the con-

tract as the complaint or petition alleges it ought to have been, and as in fact it was except for the mistake; * * *" Sec. 55, page 617.

"A mutual mistake is one which is reciprocal and common to both parties, each alike laboring under the same misconception in respect to the terms of the written instrument." Sec. 56, page 618.

"He who seeks reformation of an instrument must make an equitable showing. If his case is weak in its equities, reformation will be denied. * * *

"* * * The parties seeking relief must offer to do whatever ought to be done toward the correction of a mistake. * * * The court will not interpose in the absence of fraud, unless the party against whom the equity is asserted, as well as the party who asserts it, can be restored substantially to the same situation as before." Sec. 73, page 628.

"Relief by reformation of a mortgage which described property other than that intended should be conditioned on restoration to the mortgagors of title to the property erroneously mortgaged. Gavin v. Johnson, 131 Conn. 489, 41 A.2d 113, 156 A.L.R. 1130." Cum.Supp. Sec. 73, page 25.