[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PETITION TO DISCHARGE JUDGMENT LIEN
This action raises the question whether a judgment CT Page 1939 lien can apply to an equitable interest in real property in the form of a percentage interest of the net proceeds of sale when sold by the holder of the legal title.
The essential facts of the petition are undisputed. The plaintiff, Barbara Bachyrycz (hereafter called "wife"), and her former husband, Gary Bachyrycz (hereafter called "husband"), were joint owners of their marital residence in Danbury until they were divorced in 1985. They had entered into a written separation agreement on May 13, 1985 which provided in material part that the husband shall convey to the wife all of his right, title and interest in the family home in Danbury subject to certain terms and conditions. One condition was that when the youngest child reached twenty-one or if the wife remarried, the house would be sold and the husband would receive 30 percent of the net sale proceeds. The separation agreement was incorporated by reference in the dissolution decree on May 13, 1985. As provided in the agreement, the husband conveyed his interest in the family home by quitclaim deed to the wife on July 18, 1985. By a deed recorded one minute later on the same date, the wife conveyed to the husband the interest involved in this petition, pursuant to the terms of the prior written separation agreement. It provided that the wife grant to the husband "an equitable lien on the premises" in accordance with the dissolution judgment.
The husband still had this interest in the subject property on February 1, 1988 when the defendant, Gateway Bank, brought suit against the husband for the recovery of money loaned to him and attached his interest in the property. On May 16, 1988, Gateway Bank obtained judgment in the amount of $13,213.61, plus costs of $201.20, and on May 26, 1988, it recorded a judgment lien on the property. The loan from the bank was only to the husband and the judgment lien was only against any interest of the husband in the subject property.
The separation agreement of May 13, 1985 also required the husband to pay the second mortgage on the house and to make specified alimony and support payments to the plaintiff. When he later defaulted on the payments, the plaintiff brought a contempt proceeding against him. On May 1, 1989, the parties agreed that the husband's obligation to the wife for arrearages would be satisfied by conveying to CT Page 1940 the wife whatever interest the husband still had in the residence, including the proceeds from the future sale of it. The deed from the wife to the husband recorded on July 18, 1985 had given the husband an equitable lien on the property as described in the judgment, together with a right of first refusal to buy the property. The specific terms were described in the separation agreement which was attached to the dissolution judgment.
The wife has filed this petition to dissolve the bank's judgment lien on the property. The bank only claims a lien and priority for the interest that the husband had in the property when its attachment and judgment lien were filed. The plaintiff claims that the bank's judgment lien does not apply to the husband's former equitable interest in the property and that it was beyond the reach of creditors.
Section 52-380a of the General Statutes allows a judgment lien for the unpaid amount of any money judgment, including interest and costs, to be placed on any real property, and that the lien relates back to the date of the prejudgment attachment if the lien is filed within four months after the judgment. "From the time of the recording of the judgment lien certificate, the money judgment shall be a lien on the judgment debtor's interest in the real property described." Section 52-380a(b) of the General Statutes. The judgment lien secures the interest previously obtained by attachment.
The right to attach property in the state is created and regulated by statute. E. J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623, 628. Pre judgment remedies such as attachments are available in an action at law or equity, and the process of foreign attachment is available in any civil action in which a judgment or decree for the payment of money may be rendered. England v. England, 184 Conn. 85, 88, 89; sections 52-278b and 52-329 of the General Statutes. Connecticut law on attachments, since it is controlled by statute, differs from the laws of other states which, as a result, are not reliable precedents. Contrary to the plaintiff's position, equitable interests in real estate in this state are subject to attachment or foreign attachment and judgment liens. Connecticut statutes have subjected the real or personal estate of any debtor, described as "goods" and "lands", to attachment since 1647; these statutes have been construed as "rendering liable to attachment certain legal and equitable interests in property, the absolute or legal title to which property is not in the debtor, but which interest is within his control and can be fairly appraised or sold. . . ." Smith v. Gilbert, 71 Conn. 149, 154. See CT Page 1941 also Humphrey v. Gerard, 83 Conn. 346, 355. The interest held by a mortgagee in real property is subject to a garnishment which may be perfected by filing a judgment lien upon the mortgage or lien within four months after the date of judgment. Section 52-346 of the General Statutes. A buyer of real property in possession under a sales contract, under which part of the purchase price has been paid, has an interest in the property subject to attachment and a judgment lien. Joseph v. Donovan, 114 Conn. 79, 83; Miller Co. v. Grussi, 90 Conn. 555, 557. Leasehold interests in real estate are subject to attachment. Section 52-286 of the General Statutes.
 "When an interest which may be strictly neither goods nor land is nevertheless clearly property, capable of being fairly sold and appraised, which is subject to the debtor's control, and which ought to be responsible for his debts, we say that the policy of the State for two hundred and fifty years clearly indicates that such interest is attachable property within the meaning of the statute . . . While it is unjust that one should keep from his creditors property which can be fairly sold or applied to the satisfaction of his debts, it is equally unjust that a creditor should seize and destroy an interest of his debtor which is so uncertain and contingent that it cannot be fairly sold or appraised. The policy of the law justifies the extension of the right of attachment to property which, though not strictly within the letter, is within the equity of the statute." Smith v. Gilbert, supra, 155.
Accordingly, there is a distinction between legal and equitable interests in real estate which are less than a fee simple interest, but are subject to attachment and a judgment lien, and remote contingent interests of uncertain value such as a contingent remainder, that cannot be fairly appraised or sold, which are not subject to creditor's claims.
The husband had a vested 30 percent interest in the net proceeds of sale of the property when the prejudgment attachment of the defendant bank was recorded against that interest on February 2, 1988. The attachment presumably was issued and obtained pursuant to the pre judgment remedy statutes, section 52-278b et seq. of the General Statutes, and the plaintiff makes no claim that it was not. The sole CT Page 1942 claim is that the interest of her former husband in the said property was not then subject to attachment. The bank obtained a valid judgment lien against the husband's interest in the property when it recorded the judgment lien on May 26, 1988. That lien was still in effect when the husband conveyed his vested interest in 30 percent of the net sale proceeds to the wife in May, 1989. Since the bank has not released the judgment lien, it has priority over the wife's interest acquired in May, 1989.
The petition to discharge the judgment lien is denied.
ROBERT A. FULLER, JUDGE