JAMES H. BLAKEMAN vs. TREAT BLAKEMAN.

A right of way through a lane had become extinguished by the purchase of the servient estate by the owner of the dominant estate. He afterwards sold the dominant estate and conveyed it by a warranty deed that granted the land with its " privileges and appurtenances," but did not in express terms grant the right of way. Both parties however were ignorant of the legal principle under which the right of way had become extinguished and both supposed that it still existed, and the grantor declared at the time that it passed by the deed under the clause with regard to appurtenances. The consideration paid by the grantee covered a right of way and he would not have paid it for the land alone. Held that a court of equity would correct the mistake in the deed.

The mistake was regarded as one of fact, namely, as to the existence of the way, and not one as to the legal effect of the deed, since if the way had existed the language of the deed was sufficient to convey it.

BILL IN EQUITY for the correction of a deed of land, so as to make it embrace a right of way over the adjoining land of the grantor ; brought to the Court of Common Pleas of Fairfield County, and tried, on a general denial, before-*Brewster,J.* The court found the following facts :

The respondent was for several years prior to October, 11th 1865, owner in fee of the premises described in the petition, between which premises and other land of the respondent was a lane leading out of the highway, bounding the premises on the east, and running west from the highway.

On the 11th of October, 1865, the respondent conveyed to the petitioner by warranty deed the premises described in the petition. The deed conveyed the land " with the priv-

ileges and appurtenances thereof," but did not in terms convey the right of way through the lane. The consideration expressed in the deed was $900, which was the true consideration.

Before the deed was delivered to him, the petitioner insisted that a clause containing a grant of a right of way through the lane should be inserted, which the respondent refused to do, saying that the right of way was a privilege which had always belonged to the place, and that the words " privileges and appurtenances," in the deed, conveyed the right of way through the lane. The petitioner then went to a magistrate of considerable experience, not a lawyer, residing in the neighborhood, and got him to draft a special grant of the right of way in fee, and the petitioner and the magistrate called upon the respondent, and the former requested him to execute the same, which he declined to do, saying that the deed was all that he was willing to execute, and that that was good enough; but he then offered to execute a grant of such right of way during his own life, upon condition that the petitioner should share the expense of maintaining the gate which led into the same from the highway, and drew up a paper to that effect, which the petitioner refused to accept. The petitioner then, believing that the deed conveyed a right of way in fee, accepted the same, paid the respondent $900, which was the price agreed, and went into possession of the premises. The magistrate employed by the petitioner was present during the whole of the interview, and took the acknowledgment of the deed. The petitioner and respondent were men of average business capacity, but the respondent at the time of the execution of the deed was more than eighty years old. They had for many years lived in the same neighborhood, and were well acquainted with each other. Neither of them was a lawyer, nor had either, so far as appeared from the evidence, been accustomed to be consulted about the business affairs of others.

The lane had been used for many years as the only way to go to and from a barn standing near it on the premises deeded to the petitioner. It is the only convenient way to the barn from the highway, although the same is accessible by going

over the land of the petitioner, but the way is much more steep than by the lane.

The right of way through the lane did not pass by the deed, the respondent being at the time of the sale the owner of both the servient and dominant estates. Both of the parties and the magistrate knew at the time of the execution of the deed, and during the making of the contract, that the respondent was the owner of the estates, dominant and servient, but both the parties and the magistrate were ignorant of the legal effect of such ownership on the right of way.

The petitioner used the lane from the 11th day of October, 1865, to the summer of 1871, supposing that he had a right by the deed so to do, when it was closed up by the respondent. The respondent closed the lane because the petitioner asserted the right of way under the deed, and had not kept up the gate. He had made no objection to the use of the lane by the petitioner until the latter asserted such claim, and upon the trial did not deny the petitioner's right to use the lane, or object to the use of the same by the petitioner during the lifetime of the respondent, if the gate was kept up.

There was no fraud on the part of the respondent proved or claimed. The right of way is worth to the respondent one hundred and fifty dollars.

Both parties supposed at the time the deed was given that it conveyed a right of way through the lane, and the petitioner would not have taken the deed and paid the sum which he did, but for his belief that a right of way in fee was conveyed by the deed. The respondent did not intend to make any express grant of the way in fee by the deed, or any warranty thereof binding on himself and his heirs, but repeatedly refused to so convey.

It appeared from the conversation of the parties at the time of the execution of the deed, and from other conversations before and after, and from the papers drawn up and unexecuted, that there was in the mind of the respondent some distinction between a grantor's liability in regard to a way appurtenant, and a way expressly granted in a deed; the former way, he supposed, passed by the deed; the latter he

Blakeman *v.* Blakeman.

was unwilling, and did not intend to grant. This distinction was not made known to the petitioner in any other way than by the above facts.

The evidence shówing the mistake was entirely unwritten evidence, being the parol testimony of the petitioner and his father, and the respondent did not admit, but denied that he at any time told the petitioner that he could have any right of way by the deed. It was known to the petitioner at the time the deed was executed and before, that the respondent owned the lane and the land on both sides of it.

And the petitioner claimed, as matter of law on these facts, that the mutual mistake in respect to the supposed conveyance of the right of way, entitled the petitioner to the reformation prayed for. And the respondent, as a matter of law, claimed the contrary. The court decided against the claim of the petitioner and dismissed the petition. The petitioner thereupon filed a motion for a new trial for error in this decision of the court.

*G. H. Hollister* and *Sanford,* in support of the motion.

There is but one question in this case. The petitioner intended to buy, and supposed he had bought, the right of way *in fee.* The respondent assured him that it passed under the terms " privileges and appurtenances " in the deed. The consideration was fully paid for that right. The petitioner took immediate possession in full faith of his right to do so, and held it until ousted by the respondent. It turns out that both parties were mistaken, the way having been merged by the union in the respondent of the dominant and servient estates before the conveyance. The question is, can chancery correct this mistake.

Whatever may have formerly been held, the modern doctrine sweeps away, and justly, any essential distinction in respect to relief, between mistakes of law and mistakes of fact. Both are alike corrected when shown to exist. *Chapman* v. *Allen,* Kirby, 49 ; *Washburn* v. *Merrills,* 1 Day, 139 ; *Wooden v. Haviland,* 18 Conn., 101, 107 ; *Northrop* v. *Graves,* 19 id., 548 ; *Stedwell* v. *Anderson,* 21 id., 139 ; *Bunnell* v. *Read,* id., 591 ; *Mitchell* v. *Levitt,* 30 id., 587, 590 ; *Woodbury Savings*

Blakeman *v.* Blakeman.

*Bank* v. *Charter Oak Fire Ins. Co.*, 31 id., 517 ; *Lyman* v. *United Ins. Co.*, 17 Johns., 373 ; *Chapman* v. *Laytin*, 18 Wend., 407, 422 ; *Wells* v. *Yates*, 44 N. York, 525 ; *Gillespie* v. *Moore*, 2 Johns. Ch., 596 ; *Leroy* v. *Platt*, 4 Paige, 77 ; *Chapman* v. *Laytin*, 6 id., 195 ; *Brown* v. *Lamphear*, 35 Verm., 252 ; *Bushy* v. *Littlefield*, 11 N. Hamp., 193 ; *Herbert* v. *Odlin*, 40 id., 267 ; *Canedy* v. *Marcy*, 13 Gray, 373 ; *Spurr* v. *Benedict*, 99 Mass., 465 ; *Garner* v. *Garner*, 1 Desaus., 437 ; *Hunt* v. *Rousmanier*, 8 Wheat., 174 ; Kerr on Fraud and Mistake, 400, 423.

*DeForest*, contra.

The petition asks for the reformation of the deed upon the ground of fraud and mistake. The court has found that there was *no fraud*. The only remaining question is, was there *such* a *mistake* as a court of equity will rectify ? We insist that there was not.

1. If there was any mistake at all, it was not a *mutual* mistake of both parties to the contract. The grantee of the deed supposed that the right of way was conveyed to him in fee by the deed. The grantor did not suppose that a right of way in fee was conveyed by the deed, but did suppose that some right of way, not greater than a right for the life of the grantor, passed by the deed. Now a court of equity will never correct a deed upon the ground of mistake, unless the mistake was mutual—unless both parties were mistaken in the same particular. Otherwise, any correction would reform the instrument contrary to the intention of one or the other of the parties. 1 Story Eq. Jur., § 155 ; Kerr on Fraud and Mistake, 421 ; *Brainard* v. *Arnold*, 27 Conn., 617, 624 ; *Nevins* v. *Dunlap*, 33 N. York, 680 ; *Lyman* v. *United Ins. Co*, 17 Johns., 376.

2. If the alleged mistake were admitted to be mutual, it is nevertheless a mistake not of fact but of law only. It is found that both of the parties were fully informed of all the facts which could affect the contract. It is also found that both parties knew the exact language used in the deed. The only mistake claimed is as to the legal effect of this language.

Such a mistake cannot be rectified even by a court of equity. 1 Story Eq. Jur., §§ 111, 137, 138 ; Kerr on Fraud and Mistake, 396, 428 ; 2 Parsons on Cont., 496 ; *Wheaton* v. *Wheaton*, 9 Conn., 96, 101 ; *Thompsonville Scale Manf. Co.* v. *Osgood,* 26° id., 19 ; *Hunt* v. *Rousmanier*, 2 Mason, 342 ; *Bank of U. States* v. *Daniel*, 12 Peters, 32, 55 ; *Shotwell* v. *Murray*, 1 Johns. Ch., 512, 515 ; *Lyon* v. *Richmond*, 2 id., 60 ; *Marvin* v. *Bennett*, 26 Wend., 169, 171, 185 ; *Leavitt* v. *Palmer*, 3 Comst., 19, 39 ; *Arthur* v. *Arthur*, 10 Barb., 9 ; *Georgere* v. *Downing*, 18 Ill., 492 ; *Gelpes* v. *Blake*, 15 Iowa, 387 ; *Durant* v. *Bacot*, 2 Beasl., 201 ; *Broadwell* v. *Broadwell*, 1 Gilman (Ill.,) 599 ; *Roshdall* v. *Ford*, Law Reps., 2 Eq. Cas., 754.

3.   In all those cases which seem to constitute exceptions to the rule that simple mistakes of law cannot be reformed by a court of equity, i† will be found that the decision of the court rested upon the peculiar circumstances of the cases, which involved something more than simple mistakes in point of law.   1 Story Eq. Jur., §§ 137, 138.

BUTLER, C. J.   The petitioner purchased and the respondent sold the tract of land in question for a consideration which covered a right of way through the lane, and which would not have been paid for the land alone.   It does not expressly appear, but I think it is fairly to be implied, that there had been an appurtenant right of way, which had ceased by operation of law.   The respondent represented to the petitioner that such a way still existed and would pass by virtue of the clause in relation to privileges and appurtenances in the deed, and the petitioner took the deed relying upon the truth of that representation.   Both parties were mistaken then in relation to the fact of the existence of the way—a mutual mistake. There was no mistake as to the legal effect of the deed, for it would have conveyed the appurtenant way, if in existence, and in fee, if such a way could be conveyed in fee.

The law is so that an appurtenant right of way cannot exist where both tracts are owned by the same person.   Of this the parties were ignorant, and the effect of the union of the estates and the destruction of the way thereby did not

enter into their contemplation. The respondent sold then, and the defendant bought, an extinct thing, both supposing it to be existent, and both ignorant that from the nature of. the case, and as matter of law, the object could not exist. There was not here a mistake as to the legal effect of a deed, but a mistake as to the existence of a part of the subject-matter of it. Nor was there a mistake as to the nature and operation of any known or contemplated principle of law operative upon the contract. There was superadded to the mistake of fact, ignorance of a principle of law which, if known and contemplated, would have prevented the mistake under which the parties acted.

We think the petitioner was entitled to relief and the Court of Common Pleas is so advised.

In this opinion the other judges concurred.