SMITH et al. v. JONES. (No. 1102.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 31, 1917. Rehearing Denied March 7, 1917.)

1. REFORMATION OF INSTRUMENTS ⊚⟳17(1) — MUTUAL MISTAKE—SOURCE OF TITLE.

Where the parties to a deed make a mutual mistake regarding the source of the grantor's title, equity will reform the deed or grant other appropriate relief.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 69, 71.]

2. REFORMATION OF INSTRUMENTS ⊚⟳45(6)— SUFFICIENCY OF EVIDENCE—MUTUAL MISTAKE.

Evidence held to sustain a jury finding that the parties to a deed made a mutual mistake regarding the source of grantors' title, although the grantors did not testify and the grantee read the deed before accepting it.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 163.]

3. REFORMATION OF INSTRUMENTS ⊚⟳44—ADMISSIBILITY OF EVIDENCE — MUTUAL MISTAKE.

Testimony regarding the grantee's conversations with attorneys who drew a deed to her held admissible on the issue of mutual mistake regarding the grantor's source of title.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 155, 156.]

4. REFORMATION OF INSTRUMENTS ⊚⟳44—ADMISSIBILITY OF EVIDENCE—MUTUAL MISTAKE.

Evidence that the grantee had inventoried certain property as her deceased husband's separate estate was admissible to show that she had concurred in a mutual mistake regarding the source of title to such property.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 155, 156.]

5. REFORMATION OF INSTRUMENTS ⊚⟳44—ADMISSIBILITY OF EVIDENCE — MUTUAL MISTAKE.

On an issue of mutual mistake in a deed, the grantors' power of attorney giving authority to dispose of their entire interest in the property was admissible.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 155, 156.]

6. APPEAL AND ERROR ⊚⟳731(5) — ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error that the verdict is contrary to the law and evidence, and the court's judgment contrary to law, is too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3021.]

7. REAL ACTIONS ⊚⟳8(2)—ADMISSIBILTIY OF EVIDENCE—EXPENDITURES OF DEFENDANT.

Where defendant in an action to recover real property claimed the deed was intended to convey the entire estate to her, but that in any event she should have a lien for sums expended, evidence regarding part payment of mortgage debts on the property from her separate estate is admissible.

[Ed. Note.—For other cases, see Real Actions, Cent. Dig. §§ 29, 30.]

Appeal from District Court, Crosby County; W. R. Spencer, Judge.

Action by Lillie A. Smith and others against Norah E. Jones. Judgment for defendant, and plaintiffs appeal. Affirmed.

W. H. Bledsoe and R. A. Sowder, both of Lubbock, for appellants. J. W. Burton, of Crosbyton, T. F. Houghton, of Floydada, Percy Spencer, of Lubbock, and R. E. Underwood, of Amarillo, for appellee.

BOYCE, J. W. A. J. Jones was on November 7, 1898, awarded four sections of land belonging to the public school fund, in Crosby county, Tex., described as sections 2, 2½, 4½, and 6½, Block H. A. B. & M. The said W. A. J. Jones was at the time intermarried with Sarah E. Jones, and there were eight children of this marriage. The

said Sarah E. Jones died on December 11, 1898, and W. A. J. Jones in the year 1902 married the defendant, Norah E. Jones. During the lifetime of the said W. A. J. Jones he, joined by the said Norah E. Jones, his second wife, sold section 4½ and one-half of section 2½. The said W. A. J. Jones died on November 1, 1906. This suit was brought by six of the eight children of the said W. A. J. Jones and Sarah E. Jones, to wit, Lillie A. Smith, joined by her husband, Mattie Martin, joined by her husband, Delia Land, joined by her husband, R. R. Jones, J. A. Jones, and Dickson Jones, against the second wife, Norah E. Jones, and the other two children of the first marriage, alleging the foregoing facts, and the following additional facts, which may be pertinent in the decision of this appeal: That after the death of W. A. J. Jones the defendant, Norah E. Jones, conveyed to three of the children of said W. A. J. Jones and Sarah E. Jones all of said survey 6½; that each of the plaintiffs was entitled to a one-eighth interest in the property remaining, to wit, section 2 and one-half of section 2½, and a like interest in the consideration of the sale of section 6½, and other property belonging to the community estate of the first wife. Plaintiffs prayed for an accounting, judgment for each of the plaintiffs for a one-eighth interest in the 960 acres of land described, partition thereof, etc.

The defendant, Norah E. Jones, answered, in addition to the general denial, that she had settled with all of the plaintiffs for their entire interest in all of said property, and they had executed and delivered to her deeds of conveyance thereof; that in this settlement conveyance of parts of said section 6½ was made to three of the children, and that she had conveyed various property and paid stated sums of money to the plaintiff, and had assumed and paid out of her separate property a large amount of indebtedness against the said land, which indebtedness was a lien thereof, created by the said W. A. J. Jones; that if the deeds as drawn did not convey the entire interest of the said plaintiffs in said property, but only the interest inherited from their father, W. A. J. Jones, then they did not correctly express the intention and understanding of all the parties, and the wording thereof was the mistake of the scrivener, and that all of the parties intended and believed that the said deeds had been written to convey the entire interest of the plaintiffs to defendants, and such mistake was mutual and participated in by all the parties, and that such deeds, if they did not so convey said interest, should be corrected; that the defendant had in such settlement paid full value for the entire interest of each of said plaintiffs in said property, without notice of any other interest claimed by them, and was therefore an innocent purchaser for value. She prayed that said deeds be construed as a con-

veyance of the entire interest of said parties, and in the alternative for a decree reforming said deeds to correct the mistake, and, in the event judgment should be rendered against her for the land, for an accounting and judgment for amounts due her thereunder.

The plaintiffs by their supplemental petition entered a general denial, and specially answered that the deeds executed by them respectively conveyed only their interest in the property inherited from their father, W. A. J. Jones, and did not convey any part of their interest in their mother's estate.

Upon the trial evidence was introduced establishing the facts already stated. The defendant offered in evidence a deed dated May 7, 1907, executed by the plaintiffs Lillie A. Smith and her husband, the material parts of which are as follows:

"That we, Lillie A. Smith, joined by her husband, John W. Smith, etc., for and in consideration of the sum of $763.90, to us in hand paid by Norah E. Jones, etc., do by these presents bargain, sell, release, and forever quitclaim unto the said Norah E. Jones, etc., all our right, title, and interest in and to all that certain property described as follows, to wit: All of the undivided interest which I, the said Lillie A. Smith, have in the estate of W. A. J. Jones by reason of me being a daughter of the said W. A. J. Jones. This conveyance covers all my undivided interest in and to all lands, personal property of whatever kind or description, moneys, notes, or other property that the said W. A. J. Jones may have owned at the time of his death, or any property that said estate may come into possession of, situated or located anywhere in the state of Texas, or the United States of America. * * * To have and to hold the said premises and property, etc., so that neither we, the said Lillie A. Smith and John W. Smith, nor our heirs, nor any person or persons claiming under us, shall at any time hereafter have, claim, or demand any right or title to the aforesaid premises, or appurtenances, or any part thereof."

The defendant, Norah E. Jones, also offered in evidence five separate deeds executed by the five plaintiffs other than the said Lillie A. Smith, respectively. Said five deeds are in identical terms, except as to the names of the grantors, date, and consideration. The material portions of one of such deeds are as follows:

"J. A. Jones (son and heir at law of W. A. J. Jones, deceased, late of county of Floyd, state of Texas), joined by his wife, Mrs. Emmabelle Jones, of the county of Floyd and state of Texas, for and in consideration of the sum of $2,000 to us in hand paid by Mrs. Norah E. Jones, surviving wife of said W. A. J. Jones, deceased, and administratrix of the community estate of herself and of said husband, W. A. J. Jones, deceased, receipt of which is hereby acknowledged and confessed, do by these presents bargain, sell, release, and forever quitclaim unto the said Mrs. Norah E. Jones, surviving wife and community administratrix of the estate of said W. A. J. Jones, deceased, as aforesaid, her heirs and assigns, all our right, title, interest, and estate in and to any and all lands situated in the counties of Crosby and Floyd, or elsewhere in the state of Texas, to which we are or may be entitled, standing in the name of the said W. A. J. Jones at the time of his death, or belonging to his estate; it being the intention of this conveyance to convey any and all right, title, and interest which we may have or may be en-

titled in or to, any and all real estate or personal property of whatsoever kind or wheresoever situated standing in the name of or belonging to the estate of said W. A. J. Jones, deceased, or to which I, the said J. A. Jones, may be entitled by reason of being a son and heir at law of the said W. A. J. Jones, deceased, and we hereby acknowledge ourselves to be forever barred from demanding, receiving, or claiming any further part of the estate of the said W. A. J. Jones, deceased. The said two thousand ($2,000.00) dollars this day received from the said Mrs. Norah E. Jones, administratrix as aforesaid, being our full share of the estate of the said W. A. J. Jones, deceased. To have and to hold the said premises, together with all singular the rights, privileges, and appurtenances thereto and in any manner belonging, unto the said Mrs. Norah E. Jones, her heirs and assigns forever, so that neither we, the said J. A. Jones and wife, Mrs. Emma B. Jones, nor either of us, nor our heirs, nor any person or persons claiming under us, shall at any time hereafter have claim or demand any right or title to the land or to the property belonging to the estate of the said W. A. J. Jones, deceased, or any part thereof."

As the construction of these instruments and the intention and understanding of the parties as to their effect are the material questions to be determined on this appeal, we will, in addition to the statement already made, here set out at some length the facts surrounding and leading up to their execution: At the time of the award of the land to W. A. J. Jones his family were in Hamilton county, Tex., where the said Sarah E. Jones died on December 11, 1898, and the said W. A. J. Jones did not live with his family on the land until some time later, perhaps in the year 1900. The defendant, Norah E. Jones, married W. A. J. Jones in Crosby county. She knew that the first wife had died in Hamilton county, but testified that she did not know that the first wife had any interest in the lands, and that in the negotiations for a settlement with the heirs preliminary to the execution of the respective conveyances made by them no mention was made of any interest by inheritance from Sarah E. Jones; that in the figures on which the settlements were based the entire interest in said property was considered; that she never heard of any claim of the said heirs to an interest through inheritance from their mother until after the filing of this suit, on October 24, 1914; and that she understood that by such deeds she was acquiring the entire interest of the respective heirs to the property. Upon the death of W. A. J. Jones the defendant qualified as community administratrix, and on December 28, 1906, filed an inventory and appraisement of the estate of W. A. J. Jones, in which said sections 2, 6½, and the unsold portion of 2½ were listed as the separate property of the deceased, W. A. J. Jones. The deed executed by Lillie A. Smith was prepared by E. B. Covington, an attorney residing in Crosby county, who testified that he had resided in said county long prior to the time that W. A. J. Jones moved to the county, and at that time knew all the people in the county; that

on the occasion of the execution of the deed from Lillie A. Smith and her husband to Mrs. Jones Mrs. Jones stated that she had bought out Mrs. Smith's interest in the land, etc., and wanted him to prepare the deed; that this was about all that was said; that Mrs. Jones and Mrs. Smith and her husband were in the office together; that he prepared the deed from his own knowledge of the facts; that he did not know that the first wife had any interest in the land. The other deeds were prepared by Arthur B. Duncan, a lawyer at Floydada. He testified with reference to the execution of the deed executed by plaintiff Mrs. Delia Land and her husband that Mrs. Jones and Mrs. Land and her husband came into the office together, and Mrs. Jones stated that she had bought out Mrs. Land's interest in the property and wanted him to prepare a receipt for the full settlement, etc., as well as deed conveying the property to her, and said deed was drawn accordingly. It seems that about this time some of the heirs had employed attorneys, L. W. Dalton and associate; and Duncan testified with reference to the Dickson Jones deed that L. W. Dalton, as attorney for Dickson Jones and Mrs. Jones, defendant, went over the matter together with Duncan, and in arriving at the settlement figured the whole interest in the land, nothing being said in the presence of Mrs. Jones about any interest of Sarah E. Jones, the witness not being sure whether this matter was mentioned between him and Dalton or not. All of the deeds were read over to Mrs. Jones, and she understood their contents. The power of attorney under which said attorney Dalton was acting, purporting to be signed by the plaintiffs Mrs. Martin, L. L. Jones, and Dickson Jones, though Dickson Jones denies its execution, authorized the said attorneys to recover any property belonging to them from the estate of W. A. J. Jones, deceased. A description of such property, "so far as known," appeared in the instrument, and this description included said sections 2, 2½, and 4½ and 6½. A certificate from the general land office was introduced in evidence in which it appeared that said land was awarded to W. A. J. Jones at $1 per acre, one-fortieth of which was paid; that required proof of occupancy had been made; and that at the date of the certificate, to wit, November 13, 1914, said sections 2, 6½ and one-half of section 2½ were on good standing on the records of said office in the name of the original purchaser, W. A. J. Jones.

The jury, in response to special issues submitted, found that it was the intention of the plaintiffs and of the defendant that the entire interest of the respective grantors in the land should be conveyed. On these findings the court entered judgment for the defendant, and from this judgment the plaintiffs have taken an appeal to this court.

The defendant having conceded, under the authority of Creamer v. Briscoe, 101 Tex. 490, 109 S. W. 911, 17 L. R. A. (N. S.) 154, 130 Am. St. Rep. 869, that the land belonged to the community estate of W. A. J. Jones and his first wife, and the case having been tried on that theory, we will not discuss that question, and for the purposes of this opinion assume that such was the status of the property.

The first assignment complains of the action of the court in refusing a peremptory instruction to the jury to return a verdict for the appellants, awarding each of them a one-eighth interest in section 2 and one-half of section 2½. The second assignment complains of the refusal of the requested instruction telling the jury that the various deeds executed by the appellants conveyed to Mrs. Jones only the interest of the grantors inherited from W. A. J. Jones, and not their interest inherited from their mother, Sarah E. Jones. A decision of these assignments necessarily involves a construction of the instruments themselves and a decision, in the event it is held that the deeds themselves are effective to convey only the interest inherited from W. A. J. Jones, as to whether the pleadings and the evidence are sufficient to afford the defendant, Norah E. Jones, relief on account of the alleged mistake.

The purpose of all construction of written instruments is the ascertainment of the intention of the parties as expressed in the instrument to be construed. If the intent is manifest from the instrument itself, then, of course, we need go no further. It is the contention of appellants, urged by these assignments, and other assignments as to the introduction of evidence surrounding the execution of these instruments, that it is clear from the face of the deeds themselves that the grantors intended to convey only their interest in the estate of W. A. J. Jones. We will examine the instruments briefly, to ascertain if this is correct: By the terms of the granting clause in the five identical deeds, the grantors conveyed all their interest in and to all land "standing in the name of the said W. A. J. Jones at the time of his death or belonging to his estate." This description is repeated again in the further expressed declaration of the "intention" of the parties immediately following the granting clause. In the event of conflict between the description in the granting clause and subsequent clauses, the description of the granting clause would control. Moore v. Waco, 85 Tex. 206, 20 S. W. 61; West v. Herman, 47 Tex. Civ. App. 131, 104 S. W. 430; Devlin on Deeds, § 838 (b). The description quoted does not of itself, of course, describe any specific property; it merely affords a means of identifying the property by applying the description. Ordinarily the word "or" is a disjunctive (Oxsheer v. Watt, 91 Tex. 402, 44 S. W. 67, 68), and, giving the words referred to the ordinary construction, when we come to look for property to which to apply the description, we should look for property either "standing in the name of the said W. A. J. Jones," or "belonging to his estate," and apply the description to both classes of property so found. When we find this property purchased in the name of W. A. J. Jones, and standing in his name, on the records of the general land office, we do not think that as a matter of law the description in the five deeds might not be properly applied to it, and we are inclined to think that under the circumstances the charges requested would have been erroneous in the absence of the issue of mistake, at least as to the five deeds referred to, and that the charges were properly refused on this account; for no distinction is made in the request between these five deeds and the deed from Lillie A. Smith. And under the finding of the jury that it was the intention of the respective grantors to convey their entire interest in the land, we are inclined to believe that the terms of the five deeds themselves are sufficient to effect such intention, though we entertain considerable doubt as to whether the deed from Lillie A. Smith and husband would on its face be sufficient for this purpose.

[1] But, if we are mistaken in this, it would, in our opinion, have been erroneous to have given these charges, because they ignored the question of mistake raised by the pleading and the evidence and the right of the defendant to relief on such account. Giving the verdict of the jury its proper effect in relation to the facts we have stated, we think it a fair conclusion from the evidence to say that in all of the transactions leading up to the execution of such deeds and at the time of their excution all of the parties, plaintiff and defendant, thought that the property belonged to the separate estate of W. A. J. Jones; that the appellants intended to convey their entire interest in the property, and if the wording of the deeds did not properly express this intention, it was because of the mutual mistake of the parties as to the source of appellants' title. Under such circumstances equity will grant relief on account of the mistake, either reforming the deeds to express the true intent, rescinding the contract, or affording other appropriate redress. Pomeroy, Equity Jurisprudence (3d Ed.) §§ 841–849; 13 Cyc. p. 577; Blakeman v. Blakeman, 39 Conn. 320; Brown v. Cranberry Iron & Coal Co. (C. C.) 82 Fed. 351.

Pomeroy (paragraph 849) makes this statement applicable to this situation:

"Wherever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, estates, duties, or liabilities, or other relation, either of property or contract, or personal status, and enters into some transaction the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests, or relations, or of carrying out such assumed duties or liabilities, equity will grant its relief, defensive or affirma-

tive, treating the mistake as analogous to, if not identical with, a mistake of fact."

In the case of Blakeman v. Blakeman, supra, cited by Pomeroy, the grantor and grantee of certain land erroneously believed that a right of way over certain other land of the grantor was appurtenant to the land granted, and the deed executed was thought sufficient to convey such right of way as coming within the term "appurtenance" as used in the deed. The right of way was, as a matter of fact, not appurtenant to the land granted, but the court held that on account of the mutual mistake of the parties the deed might be reformed so as to embrace a conveyance of the right of way. We are of the opinion that, if the deeds did not convey the entire interest of the grantors, equity would afford the grantee relief by reason of the mutual mistake of the parties, as above stated.

[2] The third assignment assails the verdict of the jury as being without evidence to support it, mainly on the ground that there was no evidence whatever as to the intention of the appellants. While appellants did not testify at all as to their understanding of the transaction, we think the circumstances which we have stated were sufficient to authorize the jury to find that they dealt with the defendant under the belief that their rights in the property came through inheritance from their father, and that they were conveying their entire interest to her. Appellants also assert in this connection that Mrs. Jones, because of the fact that the deeds were read over to her, and prepared under her direction, and she fully understood their contents, could not complain of a mistake therein. The deeds were appropriate to carry into effect the intention of the parties under their mistaken belief as to the source of appellant's title, but this mistake is sufficient to furnish the basis of relief in equity.

[3-5] The fourth assignment is with reference to the action of the court in admitting the testimony of Mrs. Norah E. Jones, E. B. Covington, and Arthur B. Duncan as to conversations had at and prior to the time of the execution of the various deeds by the appellants and as to the intention of Mrs. Jones as to acquiring the entire interest of the appellants in the property. We think these facts and circumstances were admissible on the issue of mistake and for the purpose of ascertaining the intention of the parties at the time. For the same reason, we are of the opinion that there was no error in admitting evidence to the effect that in the administration of the community estate of W. A. J. Jones Mrs. Norah E. Jones had inventoried this property as a part of the separate estate of W. A. J. Jones. The power of attorney to L. W. Dalton was also admissible for the same reason. These facts tended to show how the parties regarded this property at the time. For these reasons, we overrule the fifth assignment and the third proposition of appellants' sixth assignment, complaining of the charge of the court with reference to the power of attorney referred to.

For the reasons hereinbefore stated, we also overrule the specific matters called to our attention by specific propositions under the sixth assignment of error which complains of the charge of the court. The assignment embodies in it a bill of exception to the charge of the court which contains 14 separate exceptions to various parts of the charge. We have not considered these 14 different exceptions, except in so far as we have considered the specific propositions. The assignment is multifarious, and we have undertaken to consider only the specific matters mentioned in the propositions.

[6] The seventh assignment, that the verdict of the jury is contrary to the law and the evidence, and the judgment of the court is contrary to law, is too general to require consideration.

[7] The eighth and ninth assignments complain of the admission of testimony to the effect that W. A. J. Jones, during his lifetime, to wit, January 23, 1906, had mortgaged these lands to E. B. Covington to secure a note executed by the said W. A. J. Jones for $4,500, that Covington at the time had no knowledge that such property belonged to the community estate of said W. A. J. Jones and Sarah E. Jones, and that this note had been partially discharged by Mrs. Norah E. Jones, she paying the same, partly by community funds, and partly by her separate funds, and that the balance due on the note, to wit, $2,750, was secured by a deed of trust on separate property of Mrs. Jones, executed since the alleged settlement with the heirs. The plaintiffs in their petition had alleged that at the time of the death of their mother, Sarah E. Jones, the community estate owned not only the four sections of land hereinbefore mentioned, but also certain other land and certain personal property, that the other land and personal property had been sold, and that the defendant, Norah E. Jones, was aware of the amount for which said property had been sold, and the disposition that had been made of the proceeds. They also alleged that after the death of W. A. J. Jones the defendant conveyed to three of the heirs survey No. 6½, above described. They alleged that on account of the appropriation by W. A. J. Jones of sections 4½ and one-half of section 2½ plaintiffs were entitled to the entire interest in the remaining portions of section 2½ and section 2. They prayed that an accounting be had and that the plaintiffs recover of the defendant the value of their interest in the land and personal property which had been sold by W. A. J. Jones, also one-half of the proceeds of the sale of survey 6½, and for judgment for the 960 acres of land remaining out of sections 2 and 2½.

The defendant in her answer set up the

fact of the execution of said deed of trust to E. B. Covington, alleging that under the facts of its execution it was a charge upon the entire property, and that after the settlement with the plaintiff in which she thought that she acquired their entire interest in the property she had, out of her separate funds, paid debts owing by the said W. A. J. Jones, including the $4,500 above mentioned, securing the balance still due on said note by deed of trust on her separate property. After pleading the mistake with reference to the interest conveyed by the plaintiffs, as already stated, she asked that the said deeds be reformed to correct the mistake, but that, if plaintiffs recover said land, they be required to refund to her the consideration which she had paid for the same, and that such amount, together with the amounts paid by her out of her separate property, in discharge of the mortgage to E. B. Covington, be charged as a lien against the property recovered by the plaintiffs. We understand that, if a mistake were made by the parties as to the interest conveyed, as alleged, the court might grant relief by reforming the deeds, or, if that might not properly be done, by rescinding the contracts. This testimony was doubtless offered, and, we believe, was admissible, on the issues thus presented by the pleadings.

Finding no error pointed out by any of the assignments, we are of the opinion that the judgment should be affirmed; and it is so ordered.

Affirmed.

---

⚙︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes