## CHEROKEE OIL & GAS CO. v. LUCKY LEAF OIL & GAS CO.

No. 13630—Opinion Filed Feb. 2, 1926.

1. **Contracts — Construction — Intent and Purpose.**

The intentions and purposes of parties as evidenced by a contract, in the absence of allegations that fraud, accident, or mistake entered into its execution, are to be determined from the language of the agreement, the nature of the subject-matter contracted about, and the relation of the parties thereto.

2. **Same—Question for Court.**

The intention of the parties as evidenced by the contract is a question of law for the court, in the absence of allegations that the agreement as expressed was the result of accident, mistake, or fraud.

3. **Reformation of Instruments — Petition Must Negative Negligence in Execution of Contract.**

The allegation that the written agreement does not express the contract of the parties, in an action for reformation, does not state a cause of action, unless the pleader alleges a state of facts which discloses that the execution of the contract as expressed by the writing was not the result of negligence upon his part.

4. **Oil and Gas—Assignment of Lease—Reservation of Interest.**

Record examined; held, to be sufficient to support judgment in favor of the Lucky Leaf Oil & Gas Company, interveners.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by the Cherokee Oil & Gas Company against the Blackwell Oil & Gas Company to recover payments for gas alleged to be due the plaintiff. The Lucky Leaf Oil & Gas Company intervened as claimant of the fund, and was substituted for the Blackwell Oil & Gas Company. Judgment for the Lucky Leaf Oil & Gas Company, and plaintiff brings error. Affirmed.

Bellatti & Brown, for plaintiff in 'error.

J. E. Curran, for defendant in error.

Opinion by STEPHENSON, C. The Lucky Leaf Oil & Gas Company was the owner of an oil and gas lease which granted to the holder thereof certain oil and gas rights in and to the lands described in the lease. The instrument was in the usual commercial form used for such grants and conveyances. The Lucky Leaf Oil & Gas Company sold and assigned the lease, which is now owned by the plaintiff. The material part of the assignment which is in controversy is in the following language:

"Reserving, however, to the said Lucky Leaf Oil & Gas Company a 1-16 interest, which interest is to be delivered to said Lucky Leaf Oil & Gas Company free and clear of all expenses."

The assignee of the lease contends that it is entitled to the entire gas production under the assignment, and that the assignor is entitled only to 1-16th of the oil. The Blackwell Oil & Gas Company refused to make payment of 1-16th of the gas, either to the plaintiff or to the Lucky Leaf Oil & Gas Company. The Cherokee Oil & Gas Company commenced its action against the Blackwell Oil & Gas Company for 1-16th of the gas. The Lucky Leaf Oil & Gas Company intervened in the cause and claimed that it was entitled to the payment. The Blackwell Oil & Gas Company paid the money in controversy into court, and was discharged. The trial of the cause resulted in a judgment for the Lucky Leaf Company, and the plaintiff has appealed the cause to this court for review. The errors assigned for reversal are: (1) Error of the court in overruling its motion for continuance on account of the absence of material witnesses in another state. (2) Error in the admission of certain incompetent testimony. (3) That the judgment of the court is contrary to the law and evidence.

The plaintiff attached a copy of the assignment in question to its petition, as the foundation for its right to recover the 1-16th gas production from the leased premises. It is set forth in the petition that the terms of the assignment granted all the gas rights in the premises to the plaintiff.

The Lucky Leaf Oil & Gas Company set forth in its plea of intervention that it was also entitled to the 1-16th interest by the terms of the written assignment; that it was understood by all parties at the time of the execution and delivery of the assignment, that the Lucky Leaf Oil & Gas Company reserved 1-16th of the gas and oil production; that if the language of the as-

signment did not express such provision, the written agreement be reformed so as to speak the true agreement between the parties.

The petition of the interpleader does not state a cause of action for reformation of the assignment, if the assignment does not express the agreement as contended for by the interpleader. If the assignment by its express terms does not reserve to the interpleader 1-16th of the gas production, the petition does not state sufficient facts to authorize the court to reform the same to conform to the terms which the interpleader claims were agreed upon between the parties. The allegations of the petition of the interpleader do not set forth facts that would relieve the officers from the effect of the written assignment, if it does not reserve to that company 1-16th of the gas production. The pleader is not entitled to reformation unless he shows himself to be free from negligence in attaching his signature to the written agreement, if he claims that it does not express the true agreement of the parties. The pleader must show that he was not guilty of a want of ordinary care for the protection of his own business interest, at the time he attached his signature to the written agreement. A person who is in possession of his normal mental faculties and is able to read and write, and having the opportunity to read the contract, but neglects and fails to do so, cannot escape the legal effect of the written agreement, because the terms expressed therein may be different from those agreed upon, unless the party signing the contract is free from negligence in ascertaining the contents of the written contract at the time he attaches his signature thereto. Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577.

The rights between the parties to this action must be determined according to the language of the reservation, as the interpleader does not state grounds for reformation.

The oil and gas lease defined and vested certain oil and gas rights in the Lucky Leaf Oil & Gas Company, which the latter owned at the time the assignment was made. The effect of the assignment was to retain a part of that property in the Lucky Leaf Oil & Gas Company, after the grant was made by the latter to the plaintiff. The effect of the assignment was not to create property rights in the assignor, but to continue certain property rights in the assignor which the latter already owned. Dunlap v. Jackson, 92 Okla. 346, 219 Pac. 314. The effect of the reservation was to continue the ownership of 1-16th of the property rights granted to the interpleader by the lease. The lease granted to the assignor certain oil and gas rights, and the interpleader was the owner of such rights at the time the assignment was executed. The reservation of the 1-16th interest goes to every property right that was granted to the assignor by the terms of the lease. The use of the word "royalty" in the phrase shows an intention of the parties that the 1-16th interest should be reserved to the assignor free of all expense and cost in reducing the oil and gas to possession; in fact, the express language of the assignment is to this effect. It is conceded that the gas rights in the premises went to the plaintiff by the terms of the written assignment. A condition of the assignment is that 1-16th interest in the lease should be reserved by the assignor. Therefore, the plaintiff could not take any rights through the lease without the condition attaching thereto. The effect of the assignment was to convey all the interest the interpleader received through the lease, subject to the condition that 1-16th thereof be retained by the assignor. We may say that this is the express language of the written assignment. Since it is the position of the plaintiff that the written assignment expresses the agreement between the parties, the plaintiff did not state a cause of action for recovery against the assignor. There is no ambiguity involved in the use of the language expressing the reservation. It is more of a matter of giving effect to the language used by the parties than one of construction.

The plaintiff was not prejudiced on account of the absence of witnesses, or by other errors complained of, as the question presented here is one of law. It is not necessary to go further than the express language of the written assignment to settle the controversy between the parties in this action.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 524 §485; p. 543 §514; 6 R. C. L. pp. 835, 836; 2 R. C. L. Supp. pp. 218, 219; 4 R. C. L. Supp. p. 443, 444; 5 R. C. L. Supp. p. 372; (2) 13 C. J. p. 183 § 996. (3) 34 Cyc. p. 976; anno. 23 L. R. A. (N. S.) 496; 23 R. C. L. p. 360. (4) 4 C. J. p. 1130 §3122.