EDWARD CHERKOSS ET ALS. *vs.* GEORGE S. GASSER ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 8th—decided December 9th, 1937.

*Charles Albom,* with whom, on the brief, was *Robert J. Woodruff,* for the appellants (defendants).

*Charles Weingarten,* with whom was *Edward E. Schine,* and, on the brief, *John B. Canty,* for the appellants (plaintiffs).

AVERY, J.   The plaintiffs and defendants own adjoining properties on the south side of Laurel Avenue in Bridgeport, that of the plaintiffs lying easterly of that owned by the defendants.   Between the two lots runs a driveway to a garage on the rear of the plaintiffs' property.   The present controversy relates to a strip of land on the west side of the driveway nineteen inches wide on Laurel Avenue and running back to a point on the rear of the property.   This strip constituted a part of the driveway, and the present action was brought by the plaintiffs to enjoin the defendants from obstructing the driveway and also asking a reformation of the deed of the defendants' property. The trial court concluded that the plaintiffs were not entitled to a reformation of the deed, but that they possessed a way of necessity over the property and entered judgment accordingly.   Both parties have appealed, the plaintiffs from the denial of their prayer for a reformation of the deed, and the defendants from the decision giving the plaintiffs a right of way.

The defendants acquired their property by purchase at an auction sale, the deed to them being made by Mildred Cherkoss, in whose name the title stood but who is found to have been the agent of the plaintiffs, the real owners.   The deed bounded the property on the north by Laurel Avenue 42.65 feet, and on the east by the land of the plaintiffs.   Between the two properties on Laurel Avenue is a stone marker constituting the apparent boundary.   If surveyors' measurements are taken from a definite boundary fence on the west side of the plaintiffs' lot, the dividing line between the properties, giving to the defendants the

specified frontage on Laurel Avenue, would come to the center of the marker; if the measurements are taken from the nearest street corner to the west, the boundary line would fall nineteen inches easterly of the marker in the driveway. If the latter point is taken as the true boundary, the effect would be to destroy the usefulness of the driveway to the plaintiffs. The defendants knew when they bought the property that the disputed strip of land was being used as a part of the driveway. The plaintiffs did not intend to sell and the defendants did not intend to buy the land easterly of the marker, and all parties acted in ignorance of the fact that the description in the deed included the disputed strip. The trial court concluded that the deed from Mildred Cherkoss to the defendants did not express the agreement intended between the parties, that the mistake was a mutual one and common to all parties, but in spite of the mutual mistake the trial court concluded that the plaintiffs were not entitled to a reformation of the deed, because of their negligence in failing to verify through a survey the actual front boundary of the land stated in the deed. In this there was error.

The subordinate facts set forth in the finding clearly show that the parties did not intend to buy or sell the triangular strip of the driveway involved in this controversy, and that there was a mutual mistake of the parties in supposing that the deed as drawn did not convey any part of the driveway. This brings the case within our rule as to mutual mistake. "To warrant . . . reformation on the ground of mutual mistake, the mistake must have been common to both parties, and it must appear that . . . both have done what neither intended." *Snelling* v. *Merritt*, 85 Conn. 83, 100, 81 Atl. 1039; *Corticelli Silk Co.* v. *Slosberg*, 101 Conn. 44, 50, 124 Atl. 818; *Spirit* v. *Albert*, 109 Conn.

292, 303, 146 Atl. 717; *Blakeman* v. *Blakeman,* 39 Conn. 320, 325; *Cake* v. *Peet,* 49 Conn. 501, 504. The neglect of the plaintiffs to verify by a survey the actual frontage upon the street of the premises conveyed does not under the circumstances of this case defeat their right to a reformation of the deed. Our rule is that negligence may not of itself be a sufficient ground for refusing relief if it appears that the other party has not been prejudiced thereby. *McCusker* v. *Spier,* 72 Conn. 628, 633, 45 Atl. 1011; *Geremia* v. *Boyarsky,* 107 Conn. 387, 391, 140 Atl. 749; *Home Owners' Loan Corp.* v. *Sears, Roebuck & Co.,* 123 Conn. 232, 242, 193 Atl. 769; *Lomas & Nettleton Co.* v. *Isacs,* 101 Conn. 614, 620, 127 Atl. 6; *Gralapp* v. *Hill,* 205 Ala. 569, 570, 88 So. 665; *Cherokee Oil & Gas Co.* v. *Lucky Leaf Oil & Gas Co.,* 116 Okla. 121, 242 Pac. 214, 45 A. L. R. 698, and note, p. 703.

There is error on the plaintiffs' appeal; the judgment is set aside and the cause is remanded to the City Court of Bridgeport with direction to enter judgment for the plaintiffs for reformation of the deed from Mildred Cherkoss to the defendants, and enjoining the defendants from obstructing the driveway. It is unnecessary to consider the questions raised by the defendants' appeal.

In this opinion the other judges concurred.