JOHN H. ADAMS, ADMR. C. T. A.,
ESTATE OF AUGUSTUS E. CHAPPINS
*vs.*
ANNA G. CLARK

Court of Common Pleas    Litchfield County    File No. 7837

MEMORANDUM FILED MAY 9, 1944.

*Lester W. Schaefer,* of Winsted, for the Plaintiff.

*William M. Foord,* of Litchfield, for the Defendant.

FITZGERALD, J.   The granting or denying of defendant's motion that plaintiff be required to cite in one Julia L. Gowen as coplaintiff or codefendant depends upon whether plaintiff in this action is seeking to quiet and settle title to land under the statute (Gen. Stat. [1930] §5035) or is seeking reformation in equity of a recorded deed running from him in his representative capacity to defendant.   If plaintiff is pursuing the first named kind of action, the motion should be granted; if the second, the motion should be denied.   Accordingly, the complaint requires an analysis.

Concisely stated, plaintiff, who styles himself the administrator *c.t.a* upon the estate of one C, now deceased, alleges the following matters: (1) the estate was the owner of a parcel of land located on the northerly and southerly side of a certain highway; (2) on April 15, 1940, acting pursuant to an order of the Probate Court, plaintiff sold and deeded to

Julia L. Gowen all that portion south of the highway, and the deed and survey map were recorded; (3) on August 31, 1940, acting pursuant to order of the Probate Court, plaintiff contracted in writing to sell the remaining land to defendant located north of the highway, and the description of the land was contained in the contract; (4) on September 7, 1940, plaintiff deeded to defendant the land north of the highway but by reason of a mistake there was also included in that deed an additional 19 acres which constituted part of the conveyance to Julia L. Gowen on April 15, 1940; (5) defendant's deed was also recorded; (6) plaintiff never intended to convey the aforesaid 19 acres to defendant and defendant knew this but refuses to rectify the mistake.

The essentials of a complaint to quiet title under the statute are a statement of the plaintiff's ownership in the land described and of his title thereto. *Gaul vs. Baker*, 105 Conn. 80, 84, quoting *Foote vs. Brown,* 78 *id.* 369, 377. The complaint in question does not allege present ownership and title of the 19 acres in plaintiff as administrator or in the estate. It does allege a mistake in the description of the land intended to be conveyed to defendant which has resulted in defendant receiving on the face of her deed 19 acres not intended to be included therein.

Had plaintiff at the conclusion of his allegations of fact confined himself solely to one claim of relief prescribed in Form 296 of the Practice Book (1934) p. 233, namely, that the "deed be reformed by correcting said mistake", there could be no question as to what he is endeavoring to accomplish in this action. However, plaintiff's three prayers for relief are construed to have as their objective a reformation of defendant's deed. The allegations of the complaint as a whole are designed to set out an action for reformation based upon a claimed mutual mistake common to both parties. See *Cherkoss vs. Gosser,* 123 Conn. 368, 370, and cases there cited with particular reference to *Corticelli Silk Co. vs. Slosberg,* 101 Conn. 44. Compare Form 296, Practice Book, *de* complaint to reform a conveyance. In any event the complaint as drawn cannot be construed as an action to quiet title. *Gaul vs. Baker* and *Foote vs. Brown, supra.* Compare Form 508, Practice Book (1934) p. 324, *de* complaint to quiet title.

It follows, therefor, that the rule invoked by plaintiff in opposing defendant's motion that a party to an action cannot

require a stranger to be cited in as coplaintiff or codefendant to litigate a claim in no way connected with the matter in suit, is applicable. See *Lowndes vs. City National Bank*, 79 Conn. 693, 696; *Allen vs. Chase*, 81 *id.* 474, 476; *National Bank of Commerce of New London vs. Howland*, 128 *id.* 307, 312.

To date defendant has filed no answer. The reasons assigned in support of her motion: (1) the action "appears to be, in part, an action to quiet title", but plaintiff has parted with all right of title or possession; (2) the alleged "mutuality of the mistake of fact" is denied and if defendant's position is sustained at the tral the question of title and possession between her and Julia L. Gowen would remain unsettled if the motion is denied; (3) the presence of Julia L. Gowen as a party is necessary to avoid "multiplicity of actions"— are not persuasive in view of what has already been said. In the light of plaintiff's complaint the granting of the motion would only result in injecting into the case a matter "foreign to the controversy" (*National Bank of Commerce of New London vs. Howland, supra*), since the only controversy sought to be litigated under the complaint relates to whether defendant's deed of September 7, 1940, is subject to reformation.

Motion denied.