This action has been pending in court since May of 1943. On June 6, 1946, at long last, the parties went to trial. In the hope of terminating a piece of litigation that has prevented the closing of the estate, the court will waste no time in the preparation and filing of the within memorandum. Brevity will be the pattern of this writing in so far as the circumstances of the case will permit.
Upon the entire evidence the court is satisfied that in his deed of September 7, 1940, the plaintiff administrator never intended to include and convey the Spencer lot, so-called, to the defendant; and the defendant never intended at the time that this lot should be conveyed to her. In this connection the court has accepted in toto the testimony of the real-estate agent, Mr. Castle, who pointed out to the defendant the southerly limits of the property to be conveyed and who specifically called the defendant's attention to the area not included therein, which area comprised in part the Spencer lot, which had already been conveyed to the plaintiff Julia L. Gowen in the administrator's deed of April 15, 1940.
The court finds that the defendant's misconception is entirely due to the erroneous reference to the Spencer lot in his deed. It is to be noted that the deed on this aspect is at variance with the agreement of sale entered into between the administrator and the defendant on August 31, 1940. In the court's view the omission of the Spencer lot by description or reference in the agreement of sale, coupled with the accepted testimony of the real-estate agent, is of controlling importance in the decision of the case.
The conclusion reached is that reference to the Spencer lot in the deed is obviously a mistake common to both parties. Accordingly, the rule as to mutual mistake is to be applied. That rule is: "To warrant . . . reformation . . . on the ground of mutual mistake, the mistake must have been common to both parties, and it must appear that . . . . both have done what neither intended, and the evidence should be clear, substantial, and convincing as to both those facts." Snelling v. Merritt,85 Conn. 83, 100; Corticelli Silk Co. v. Slosberg, 101 Conn. 44,50; and see Cherkoss v. Gasser, 123 Conn. 368, 370; Gavin v.Johnson, 131 Conn. 489, 493.
In the next to the last preceding paragraph it was noted that there is a variance between the agreement of sale and the deed *Page 236 
in question in that the former contains no reference to the Spencer lot and the latter does. Hence a further quotation from the Corticelli Silk Co. case, supra, is considered pertinent: "In this instance the findings of subordinate facts show clearly and convincingly that the real agreement of the parties was to buy and sell the vacant land between the plaintiff's mill buildings and the defendants' land, and that in so far as the deed includes the land covered by the plaintiff's power plant, it fails to express the real agreement of the parties. To that extent the record makes out a good case for the reformation of the deed."
The subordinate facts of the case and the conclusion reached thereon are deemed sufficient to sanction the application of the rule stated. It therefore follows that the issues under the plaintiffs' complaint should be found for the plaintiffs and the issues under the defendant's cross-complaint should also be found for the plaintiffs. Consequently, the plaintiffs are entitled to a decree reforming the administrator's deed to the defendant as recorded in volume 21, pages 413-415, of the land records of the town of Warren in the county of Litchfield.
 Plaintiffs' counsel are requested to prepare a decree in accordance with this memorandum for the approval and signature of the court.