[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Beat A. Zahner, has filed a three count complaint against Joseph Schiano, hereinafter referred to as the defendant. In the first and second counts, the plaintiff seeks to reform the terms of a promissory note executed by the defendant in the original principal amount of $340,000, which was secured by a mortgage, and allegedly contains an error in the interest rate. The plaintiff contends that he and the defendant had agreed on an interest rate of 7.5% over an index based on the weekly average yield on United States Treasury Certificates, whereas the attorney who prepared the note used an interest figure of 2.5%. In the third count the plaintiff seeks to foreclose the mortgage executed by the defendant. The defendant has filed an answer, ten special defenses and a counterclaim. The plaintiff then filed a motion (#124) to strike the defendant's fifth and sixth special defenses and counterclaim.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]. . . ." S.M.S. Textile v. Brown,Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786,796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id.
"A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
CT Page 7089 (1992).
In his fifth special defense the defendant alleges that any damages incurred were caused by the plaintiff's own negligence. In his sixth special defense the defendant alleges that any damages were caused by the plaintiff's negligence and failure to mitigate his damages. In his counterclaim the defendant alleges two counts in breach of contract.
The plaintiff argues that the defendant's fifth and sixth special defenses are legally insufficient in that they do not establish that the plaintiff has no cause of action. The defendant contends that he must allege a special defense in order to show that it was the plaintiff's conduct which resulted in the error in the interest rate.
The Supreme Court has determined that the negligence of a party does not operate to bar the equitable relief of reformation based upon unilateral mistake; Voll v. Lafayette Bank Trust Co.,223 Conn. 419, 428-430, 613 A.2d 266 (1992); or upon mutual mistake when the other party has not been prejudiced. Cherkoss v. Gasser,123 Conn. 368, 371, 195 A. 737 (1937). The defendant has only alleged negligence which does not preclude liability for the unilateral mistake alleged in count one, and the defendant has not alleged any prejudice which would preclude liability for the mutual mistake alleged in count two. Furthermore, the defendant's allegation that the plaintiff has failed to mitigate damages only applies to the amount of damages which the plaintiff may recover, and does not show that the plaintiff has no cause of action. Therefore, the defendant's fifth and sixth special defenses are not proper special defenses in that they do not show that the plaintiff has no cause of action as required by Practice Book § 164. Moreover, although the defendant also argues that these special defenses cannot be asserted on a foreclosure claim, it is clear from the language of the fifth and sixth special defenses that they are only applicable to the first and second counts of the complaint in reformation. Accordingly, the plaintiff's motion to strike the defendant's fifth and sixth special defenses is granted.
Regarding the counterclaim, the plaintiff maintains that the defendant has failed to state a cause of action in breach of contract because the terms of the note and deed do not allow for a claim for damages, or the refund of excess payments. The defendant argues that although the note provides that the defendant may prepay, the defendant has no obligation to prepay, and the excess CT Page 7090 payments made were involuntary.
The defendant has sufficiently alleged a cause of action in breach of contract. The plaintiff is arguing the merits of the defendant's claim, not its legal sufficiency, which should be determined on a motion for summary judgment or at trial, not on a motion to strike. Accordingly, the plaintiff's motion to strike the defendant's counterclaim is denied.
So Ordered.
Dated at Stamford, Connecticut this 15th day of June, 1995.
WILLIAM BURKE LEWIS, JUDGE